George C. STUCKEY, Appellant,

v.

Carl ANDREWS, a minor, by Abe Maree, Guardian and next friend, and Archie Andrews, a minor, by Abe Maree, Guardian and next friend, Appellees.

No. 16588.

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1957.

The accident occurred about 10:45 P.M., June 27, 1955, on U.S. Highway 1 near the village of Bayard, Florida. It was a collision between a Chevrolet 2-door sedan, in which the plaintiffs, Carl and Archie Andrews, fifteen and sixteen years old, were riding as guests, and the defendant's tractor-trailer. The Chevrolet was going north toward Jacksonville and the truck south toward St. Augustine. U.S. 1 was a two-lane highway at this point at the time of the accident and the principal issue of fact is whether the Chevrolet or the defendant's truck was on the wrong side of the center line when the collision occurred. The theories of the parties appear limited to this issue and there is no claim of negligence based upon speed, failure of equipment, or similar causes. The plaintiffs, relying upon the testimony of Carl Andrews that the truck veered out of its proper southbound lane and into the northbound lane of the Chevrolet, and the fact that the skid marks and other indicia of the collision begin in the northbound lane, take the position that the accident occurred as a result of the truck driver's negligence in getting into the wrong lane. The defendant's theory is that the Chevrolet turned into the path of the truck and that the skid marks and debris in the northbound lane are accounted for by the fact that the impact forced the fronts of the two vehicles up from the pavement; that the momentum of the heavier truck deposited the wreck in the other lane, at which point it started to skid. The defendant relies upon the testimony of the truck driver and of the driver and passenger in a car following the Chevrolet. The important question for a jury was principally one of credibility.

Charles Cook Howell, Charles Cook Howell, Jr., Jacksonville, Fla., Howell & Kirby, Jacksonville, Fla., of counsel, for appellant.

Tom B. Stewart, Jr., Jacksonville, Fla., Evans & Stewart, Jacksonville, Fla., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal is from a judgment entered on a jury verdict for the plaintiffs in an action to recover for injuries they received in an automobile accident. The defendant-appellant assigns several errors raising the question of an abuse of the judge's discretionary right to participate in the trial, and one additional error on the charge to the jury. There is no claim that the verdict rests upon insufficient evidence.

The appellant's first contention deals with the trial court's examination of defendant's witness Charles Tollison, the driver of the car following the Chevrolet. Tollison is a diesel auto-mechanic and former truck driver. On the night of the accident, he and his wife were returning to their home in Jacksonville after a fishing trip. To assist him in

answering a question during cross-examination, Tollison asked counsel how long the trailer of the truck was. The judge required him to answer without this supplementary information. Later, when both counsel relinquished Tollison, the judge undertook to examine him rather closely about why, as a diesel mechanic, he needed to ask how long the trailer was, about his observation of the vehicles after the accident, the make and model of the truck, whether it was a diesel or gasoline truck, and about the details of his fishing trip, how long he had been driving that night, how early he had got up in the morning, when he had eaten supper, and whether he had had anything to drink during the day.

Out of the presence of the jury, defendant's counsel objected to this examination because of its suggestiveness concerning the judge's opinion of Tollison's credibility, and he asked for a precautionary instruction to the jury not to infer any such opinion from the questioning.[1] The judge granted this request.[2]

■■ It is sometimes risky business for the trial judge to participate too actively in the trial of a case, especially a criminal case, Blumberg v. United States, 5 Cir., 222 F.2d 496, but it is not improper for the judge to seek to develop facts which he deems relevant to the issue before the jury. He may also discuss and comment on the evidence before the jury and is permitted to express his opinion on factual issues and credibility of witnesses so long as he finally makes it clear to the jury that it alone has the burden of decision. Post v. United States, 5 Cir., 135 F. 1, 70 L.R.A. 989; Palno v. United States, 8 Cir., 58 F.2d 111. The occasion and reasons for undertaking such participation are largely committed to the judge's discretion, and no error results from an opinion intimated or expressed if the jury understands that it is free to make up its own mind, and as long as the judge has not displayed such bias and partiality that the jury's freedom of deliberation cannot help but be influenced despite its awareness of its power of choice.

If, as we have said, a trial judge may directly state his views as to the credibility of a witness within the stated limitations, of course he can do so by implication. The objection of counsel, (footnote 1) being only to the likelihood that it would amount to an expression of the judge's opinion, is not a valid one.

■■ There does not appear to be a substantial basis for disturbing the judge's discretion as exercised in this instance. The questions are fairly re-

1. The precise wording of counsel's objection was:

"May it please Your Honor, with the greatest personal and professional reluctance and with utmost deference, may we respectfully request an exception to Your Honor's repeated questions to the witness, Charles Tollison, after counsel for the plaintiff had finished with his cross examination of him, Sir, upon the ground that in the fearful apprehension of the defendant, the Jury has gained the impression that Your Honor himself feels some doubt as to the weight and the credibility which should be attached to the testimony of Mr. Tollison; and, secondly, with Your Honor's permission, may we respectfully request, Your Honor, when the Jury comes back, to be good enough to kindly reassure them that by your questions to Mr. Tollison you, as the Judge, did not mean to convey any opinion that you may have one way or the other as to the weight or the credibility of his testimony."

2. The Court addressed the jury as follows:

"Mrs. Watson and Gentlemen, in view of the perhaps more extended, unusual examination I made of Mr. Tollison, the last witness who was on the stand, I think it is proper to caution you not to understand or infer that any opinion on my part as to the weight of any witness' testimony or the credibility of it or anything of the sort. It does happen that occasionally there are matters that are not covered by the examination of counsel for either side and I feel free to step in and develop those matters by questioning. You shouldn't understand that I hold any opinion whatever as to the weight and the credibility of any witness' testimony simply by reason of the fact that I may ask questions."

sponsive to the witness's earlier testimony and therefore find support in the record. Although this questioning was unfavorable to the defendant, in an adversary proceeding that cannot be the test of the judge's impartiality if he is to be allowed to ask questions at all; the inquiry must almost necessarily help or hurt a particular party if it elicits any significant information. The basic question therefore is whether the adverse effect of this examination outruns the logical support of the evidence it produced. We do not think that there is enough residual influence surviving the judge's instruction to the jury to support a conclusion that the jury did not make its own untrammelled decision.

■ The defendant's second and third contentions deal with an alleged improper limitation upon his cross-examination of the plaintiff Carl Andrews. Counsel, on cross-examination, asked Carl Andrews whether all the wheels of the truck were in the Chevrolet's lane at the time of the accident. The judge said the question was unfair and should not be asked. Counsel pointed out that the question had been asked and answered in a pretrial deposition, but the court stated that was because there was no judge there to stop it, and shortly repeated that it was an unfair question. The next day, the judge in the presence of the jury, reversed his ruling, apologized for using the word "unfair" and invited counsel to recall Carl and get an answer to the question. This was done and Carl testified that all the wheels were on his side of the road. The elaborate retraction by the judge would appear to cure any error originating from the use of the word "unfair"; the actual information sought is largely cumulative and the failure to obtain an answer at the particular time the question was first asked does not seem essential.

■ The fourth assignment concerns this point: the witness Tollison, on direct examination, stated that after the impact the wreck started to "walk" to the opposite side of the road, by which he meant that it started coming across the road. In cross-examination plaintiff's counsel used the word "crawling," where the witness had said "walking." This was objected to as inaccurate and argumentative, but the objection was overruled. After further repetition of the word and objection to it, the judge stated that he thought the witness himself had used the word "crawling," admitted the objection was well taken, and after some further clarifying discussion with counsel the point was dropped.

It should be noted that in asserting these errors, the appellant frankly concedes that each individually would not be enough to warrant reversal, but he argues that together they deprived him of a fair trial. We do not think that this point is well taken.

■ The final assignment is that no instruction on the law of concurrent negligence should have been given. Appellant contends that the evidence on each side is mutually exclusive and that the respective theories of the parties must be accepted or rejected in toto; to suggest concurrent negligence is to invite a compromise verdict if the jury can't decide which party was solely responsible. His point is to avoid the rule that the negligence of the driver is not imputed to his guests if it concurs with other negligence also causing the accident. To state his argument another way, the defendant argues that there is no issue in this case of *contributory* negligence and that if the plaintiff's driver is found negligent at all, his negligent act must necessarily have been the sole cause of the accident.

Illustrative of this issue is the language of the court in Comer v. Smith's Transfer Corp., 4 Cir., 212 F.2d 42, 43–44, where the converse problem was involved. There the court said:

"The conflicting testimony required the submission of the case to the jury. The judge, however, restricted the jury to the single issue as to which of the drivers went on the wrong side of the road, and withdrew from the jury the question of contributory negligence. Accord-

ingly he refused an instruction offered by the plaintiff that negligence on the part of the driver of the Ford car could not be imputed to the other occupants of the car, and that if their injuries were caused by the negligence of both drivers of the passing vehicles, the plaintiffs were entitled to recover from the owner and driver of the truck.

"We think that this ruling was wrong. It is true that in this case as in many other collision cases the accounts given by the opposing litigants were in sharp conflict, and that it was impossible to adopt one story without rejecting the other. The jury, however, was not obliged to take either course. It might have believed so much of the evidence of each of the parties as indicated that the other was in fault, * * * [stating facts which made this possible in this case]. The jury might well have found from a consideration of * * * that none of the witnesses should be accepted in toto. It follows that the refusal of permission to the jury to consider this aspect of the case was erroneous and prejudicial to the plaintiffs, and therefore the judgment adverse to the occupants of the Ford car other than the driver must be reversed." [Citing Virginia cases].

In the present case it cannot even be said that if the Chevrolet got in the wrong lane this would be negligence solely causing the accident, for the jury might find that the truck came into the northbound lane and the driver of the Chevrolet took evasive action by cutting to the left and that this was negligence under the circumstances; moreover if the truck got in the wrong lane, the jury could also find contributory negligence on the part of the plaintiff's driver in not getting out of the way by pulling out on the shoulder of the road. Also there is evidence that the truck had previously entered into the wrong lane before the accident happened and that apparently nothing was done as a precaution against a repetition of this before the vehicles finally hit. We do not think the defendant was prejudiced by the inclusion of this part of the charge.

The judgment is Affirmed.