UNITED STATES of America,
Plaintiff-Appellee,

v.

Mustafa ESSE, Defendant-Appellant.

No. 72–2365

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Ronald W. Rogers, Atlanta, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant Esse, a 19 year old Detroit, Michigan, resident, was indicted, tried before a jury, convicted and sentenced to four years confinement for violating the Dyer Act, Title 18, U.S.Code, Section 2312. The charge involved transportation of a stolen 1971 Honda 350 motorcycle from Fort Lauderdale, Florida to Crisp County, Georgia, with knowledge that it was stolen. Esse was arrested about 10:30 P.M., April 14, 1971, in Crisp County while operating and in sole possession of the motorcycle. It was reported stolen the morning of the same day from Beach Bike Rentals, Inc., Fort Lauderdale, Florida, by the owner of that establishment, who at trial identified Esse as the person to whom he had earlier rented the stolen motorcycle on one or more occasions, and who had been observed by him in his shop on other occasions. Esse was identified by an employee of Beach Bike as a person he had given motorcycle riding instructions to, and as the person he saw removing the motorcycle from the Beach Bike premises on the morning of April 14. The motorcycle was easily distinguishable from all others in the shop and was the one reported stolen and later the same day found in the appellant's possession in Georgia.

Esse after his arrest and after *Miranda* warnings, told an F.B.I. agent that he had purchased the motor bike at a Hess gasoline station at Margate, Florida, a suburban community several miles north of Fort Lauderdale. At trial his testimony differed: he wasn't sure that the station was in Margate, it may have been elsewhere in the Fort Lauderdale vicinity. As proof of the purchase Esse produced a "Bill of Sale" scrawled on the back of a restaurant food check. Trial testimony of the then manager of the only Hess station in Margate, Florida, was to the effect that he permitted no motorcycle sales on his premises, that he knew neither Esse, nor Jim Taylor, the alleged seller.

The questions raised on appeal are (a) whether the court's interim instructions cured any possible error caused by his referring in the jury's presence to the possibility of the defendant taking the stand; (b) whether there was an improper charge as to the possession of recently stolen property; (c) whether the defendant's rights were prejudiced by improper questions by the court to a government witness; and (d) whether the appellant's right to a complete trial transcript for appeal purposes was violated.

We find no harmful error demonstrated and accordingly affirm, for reasons to be briefly stated.

■ The first point concerns an inadvertent remark by the trial court to counsel in the presence of the jury to the effect that he was free to put the defendant on the witness stand to rebut testimony then in evidence, which counsel was asserting was false without any testimony of record to back up his unsupported statement of falsity. This was error, indeed it was constitutional error, but automatic reversal is not required. It was shortly thereafter cleared up by an adequate interim instruction to the jury as to the defendant's right not to testify. In the circumstances of this trial where proof of guilt was overwhelming, and where defendant in fact later took the stand, we hold that the error was harmless beyond a reasonable doubt. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

■ Alternatively, Esse urges that he was coerced or trapped into taking the stand by this incident. This seems to be an unlikely and after the fact rationalization, since defendant called no other witness, not even the three friends he

claims loaned him money to purchase the motor bike from the phantom seller. A jury charge as to the inference that may be drawn from the possession of recently stolen property could be expected with certainty. Esse thus was faced with a real predicament as to whether or not to testify. If there was any coercion present, it was that engendered by these uncomfortable circumstances, not any arising as a result of the trial judge's inadvertent and soon retracted and corrected remark to counsel.

■ The point next raised with respect to the language of the court's charge as to possession of recently stolen property is clearly without merit. The only deviation from the approved instruction made by the charge was the court's use of the word "conclusion" rather than "find" in the phrase ". . . the jury may reasonably draw the inference and *conclusion* that the person in possession knew . . .". The appellant urges that this had the effect of shifting the burden of proof. The argument is not appealing. A "finding" is a "conclusion" and vice versa. The substitution of one word for the other did not render the charge on inference improper. A further objection to isolated words in the court's jury instructions removed from context is without substance.

■ We further find the questions asked by the court of the government witness Reynolds, owner of Beach Bike Rentals, during the trial to be unexceptionable. They were not leading questions, were not favorable to either side and were designed simply to clarify the witness' testimony. Of course the fact that the answers elicited were generally unfavorable to the appellant is no test of the judge's impartiality. The basic issue is whether "the adverse effect of this examination outruns the logical support of the evidence it produced". Stuckey v. Andrews, 5 Cir. 1958, 249 F.2d 828. No such result ensued here.

■ The last question raised, whether the appellant was deprived of a full and complete transcript of the proceedings below, we deem frivolous. The justification for raising it was no more than the error of the court reporter in putting both copies of page 38 of the trial transcript in the copy bound and sent to the Clerk of the Middle District of Georgia for his permanent files, in compliance with Title 28, U.S.Code, Section 753(b). A letter request to the Clerk would no doubt have gotten appellant's counsel a copy of the missing page. A certified copy of page 38 was at the request of the district court clerk inserted in the record on appeal, and numbered Record 40(A). This trifling mistake was patently without harmful consequences to the appellant.

The judgment of conviction is

Affirmed.