**Carl H. TRAXLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18704.**

United States Court of Appeals Fifth Circuit.

July 26, 1961.

Murray L. Williams, Water Valley, Miss., Noel W. Buckley, Jackson, Miss., for appellant.

Thomas R. Ethridge, U. S. Atty., Lowell E. Grisham, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

JONES, Circuit Judge.

Carl H. Traxler appeals from a conviction and sentence for the possession of untaxed moonshine whiskey.

The appellant was arrested in an automobile owned by the United States being driven by an undercover agent of the Alcohol and Tobacco Tax Unit of the Internal Revenue Service. The defense was entrapment. If the evidence for the United States was believed there was no

entrapment. The evidence of the appellant on that issue presented a question for the jury. The appellant contends first, that its motion for a directed verdict of acquittal should have been granted and in support of this contention cites Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. To benefit from Sherman and the other authorities upon which the appellant relies the entrapment must appear from evidence without substantial conflicts. As this Court has said, "the issue of entrapment is a question for the jury, unless as a matter of law the defendant has established beyond a reasonable doubt that he was entrapped." Washington v. United States, 5 Cir., 1960, 275 F.2d 687, 689. The appellant did not bring himself within the protection of the rule.

The appellant asserts that the district court erred in its comments upon the evidence in its charge to the jury. The court gave an instruction on entrapment but not in the form submitted by the appellant. Error is assigned because of the court's failure to give the charge requested. The court, time after time, reiterated that the jury's function was to determine guilt or innocence from the evidence. The court included in its somewhat extended charge on entrapment, which contained the challenged comment on the evidence, the instruction that:

> "On the evidence, you are the sole and only judges of the weight and credibility. You are entitled to take into consideration the demeanor of the witnesses on the stand, reasonableness or unreasonableness of the testimony, or interest or lack of interest in this lawsuit."

■ The court concluded its charge by saying,

> "If there is reasonable doubt as to whether he did it on his own accord, or was persuaded as a man who wanted to do right and was overpersuaded by the Government to commit a crime, you ought to turn him loose."

The appellant has not preserved his right to complain of the charge. At the close of the charge, counsel were asked if there were requests for additional instructions. The appellant's counsel asked for an additional instruction as to the effect of the Government's failure to produce a witness, but no requests were made with respect to the matters here raised. The failure to object precludes the consideration of the alleged assignment of error unless the error be one requiring notice under the plain error rule. Rule 30, Fed. Rules Crim.Proc. 18 U.S.C.A. The charge here given does not call for invoking the plain error rule.

We find it unnecessary either to approve or disapprove the court's charge on entrapment. Since, for reasons hereafter appearing, the case is to be remanded for a new trial, we will merely observe that the principles relating to the defense of entrapment, set forth in the opinions in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249, and Sherman v. United States, supra, might guide the trial court in framing appropriate instructions adapted to the evidence before it.

■ The final specification of error, and one which we think requires reversal, relates to argument of Government counsel. In his summation to the jury the prosecuting attorney made reference to "getting out here on the highway, drinking whiskey, and killing people." This Court, in Handford v. United States, 5 Cir., 1957, 249 F.2d 295, set aside a conviction for possession of nontaxpaid whiskey on the ground that the prosecutor's jury argument that "too many of [the prosecutor's] friends and his friends' children get run over, up and down the highways," was improper, prejudicial and constituted reversible error. The same is true here for the reasons, set forth in the Handford opinion and need not be repeated. The Government calls to our attention the quotation in the Handford opinion that "If the case against defendant had been strong, or, as some courts have said, the evidence of his guilt 'overwhelming,' a different conclusion might be reached." 249 F.2d 295, 298–299. citing Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314. The Government would have us conclude that

the evidence of Traxler's guilt is overwhelming, and that we should reach a different determination than was reached in the Handford case. This we cannot do. The evidence against Traxler was certainly such as would support a conviction, but it cannot be said that it was strong or overwhelming in view of the testimony given on his behalf that he had been entrapped into the commission of the acts which constituted the alleged offense. The appellant's attorney made timely objection to the remarks and moved for a mistrial. We are not called upon to say what might have been the result if the court had directed the jury to disregard the prosecutor's statement since no such direction was given.

The judgment of conviction and sentence is reversed and the cause is remanded for a new trial.

Reversed and remanded.