## TIPTON *v.* SOCONY MOBIL OIL CO., INC.

No. 200.  Decided October 21, 1963.

*Clyde W. Woody* for petitioner.

*George B. Matthews* for respondent.

PER CURIAM.

Petitioner brought this action in the District Court for the Southern District of Texas against his employer under the Jones Act.  46 U. S. C. § 688.  The principal issue was whether, in view of the nature of the work performed at the time of injury, the petitioner was a seaman, hence within the coverage of the Jones Act, or an offshore drilling employee.  At the trial before a jury, the District Court admitted evidence, over the objection of petitioner's counsel, that petitioner had accepted compensation bene-

fits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. § 901 *et seq.*, as applied through the Outer Continental Shelf Lands Act, 43 U. S. C. § 1331 *et seq.* The latter Act, although extending longshoremen's compensation to a new group, is explicitly inapplicable to a "member of a crew of any vessel." 43 U. S. C. § 1333 (c)(1). In response to a special interrogatory the jury found that the petitioner was not a seaman or member of a crew of a vessel within the meaning of the Jones Act. Judgment was then entered upon the verdict for the respondent. The Court of Appeals for the Fifth Circuit unanimously held it error to have admitted the evidence of other compensation benefits but, with one judge dissenting, found the error harmless.[1] We grant the petition for a writ of certiorari and vacate the judgment.

We do not agree that on the record in this case the error may be regarded as harmless.[2] There can be no doubt that the evidence of other benefits was pressed upon the jury. Throughout the trial respondent's counsel emphasized that the petitioner "has a remedy under a federal compensation act, and in fact received benefits in the form of weekly payments under that act . . . ." The only argued relevance of this evidence was that it indicated what the petitioner had thought to be his legal status. The judge did not, however, frame a cautionary instruction or otherwise charge the jury that the evidence of other compensation might be considered only insofar as it revealed what the petitioner and others thought his status to be—whether seaman or drilling

---

[1] 315 F. 2d 660, 662 (Brown, J., dissenting).

[2] The majority of the Court of Appeals explained its conclusion as follows:

"[I]n view of the fact that the jury, having decided the question of status adversely to appellant, never reached the issue of damages, we believe that the error did not prejudice appellant and was harmless." 315 F. 2d 660, at 662.

employee—and was not dispositive of the ultimate fact of whether he was a seaman. To the contrary, the judge's charge, containing an elaborate discussion of the Longshoremen's and Harbor Workers' Compensation Act and a restatement of the disputed evidence, only heightened the likelihood of prejudice.

A subsequent exchange between judge and jury did not, in our opinion, negate the cumulative impact of the evidence and the instructions. The jury, while deliberating, sent the following note to the judge:

> "If we find Mr. Tipton is not a seaman or a member of the crew of drilling barge No. 1, does he have recourse for compensation under the Outer Continental Shelf or other act?"

The judge immediately replied:

> "This is not a matter for the jury's consideration. You should consider only the questions submitted and the evidence thereon."

The petitioner contends, correctly we think, that this reply was insufficient to overcome the impact of the evidence of other compensation as submitted to the jury.[3] Although the judge's reply excluded from the jury's consideration the availability of alternative benefits in a future action, it did not preclude or restrict consideration of the evidence presented concerning prior receipt of compensation payments. The direction to consider "the questions submitted" was not illuminating and the further reference to "the evidence thereon" necessarily encompassed the admitted evidence of payments received and retained by petitioner.

---

[3] Not until after the verdict and after the discharge of the jury did counsel learn of the jury's inquiry and the judge's reply. Petitioner's counsel, when informed, immediately took exception to the procedure and the reply. However, for present purposes we need not question the permissibility of the procedures involved.

We disagree with the suggestion of the Court of Appeals that the prejudicial effect of the evidence of other compensation would be restricted to the issue of damages and would not affect the determination of liability.[4]  That suggestion ignores that the evidence was presumably considered without qualification as bearing on a basic fact essential to liability.  Indeed, the jury's inquiry to the judge seems to indicate that, under the case as submitted, the jury was led to place undue emphasis on the availability of compensation benefits in determining the ultimate question of whether the petitioner was a seaman within the Jones Act.  On such a record the disputed evidence cannot properly be deemed harmless.  28 U. S. C. § 2111; Fed. Rules Civ. Proc., 61.  Cf. *Kotteakos* v. *United States,* 328 U. S. 750.

The judgment of the Court of Appeals for the Fifth Circuit is vacated and the case remanded to the District Court for the Southern District of Texas for proceedings in accordance with this opinion.       *It is so ordered.*

MR. JUSTICE HARLAN, dissenting.

I am of the opinion that the petition for certiorari should have been denied in this case, which raises only a question of the admissibility of certain evidence and a ruling of the Court of Appeals that the admission of the evidence, which it thought erroneous, was harmless.  See my opinion in *Ferguson* v. *Moore-McCormack Lines, Inc.,* 352 U. S. 521, 559, and the dissenting opinion of Mr. Justice Frankfurter in the same case, *id.,* at 524.

Since the petition has been granted, I am constrained to say that I am doubtful of the ruling below that evidence probative of the petitioner's belief as to his status as a seaman or drilling employee was irrelevant to the issue of what his status actually was.  His belief to be

---

[4] See note 2, *supra.*

38

sure did not amount to a demonstration of the fact; but it seems to me sufficiently relevant to be not clearly inadmissible on the issue of his status, to show which was the purpose for which the evidence was offered. In any event, I find no solid reason for disturbing the view of the Court of Appeals that the admission of this evidence in the circumstances of this case did not prejudice the petitioner and was, therefore, harmless error.

Accordingly, while I believe the case is not "certworthy," I would affirm the judgment below.