**DUGAN DRUG STORES, INC.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20493.

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1964.

Harman Parrott, T. H. Riggs, Houston, Tex., McGregor, Sewell, Junell & Riggs, Houston, Tex., of counsel, for appellant.

Scott T. Cook, James R. Gough, Asst. U. S. Attys., Houston, Tex., Stuart R. Pollak, Atty., Dept. of Justice, Washington, D. C., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, BREITENSTEIN,* and BELL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Dugan Drug Stores, Inc., along with its president and four employees, was charged in a 10-count information with violations of the Food, Drug and Cosmetic Act [1] by refilling prescriptions for a potentially harmful drug without authorization by the prescribing physician.[2] A jury trial resulted in the acquittal of the president and all employees except one who plead guilty, and the conviction of the company on all counts.

The first claim is that the information is defective and the proof insufficient because the prescriptions were not bona fide prescriptions issued by a doctor in the course of treatment of a patient but instead were obtained by federal agents for the purpose of investigating the defendants. The record shows no physician-patient relationship in the issuance of the prescriptions.

The validity of the original prescriptions is not material. The charge is that the prescriptions required authorization

---

* Of the Tenth Circuit, sitting by designation.

1. 21 U.S.C. §§ 301–392.

2. 21 U.S.C. § 353(b) (1) (B). Such acts are a misbranding within the meaning of 21 U.S.C. § 331(k).

for a refill and were refilled without such authorization. The government has proceeded against the dispensers rather than the prescribers. The prescriptions were valid on their faces. Authorization for a refill would have been a complete defense. Cases relating to the liability of doctors are not in point.[3] The effect of the appellant's argument is that the government would be precluded from investigations such as were made unless it had some unhealthy agents in need of the prescribed drugs. The record shows that the agents did no more than present an opportunity for the violation of the Act by the sale of a prescribed drug without the necessary refill authorization. The issue relates to the unauthorized refill—not to the existence of any physician-patient relationship. The information is sufficient and the evidence is ample to sustain the conviction.

 Inconsistency in the verdicts is claimed because the jury acquitted the individuals and convicted the company. This has no bearing on the counts to which one of the individuals plead guilty. In any event the rule is that consistency in verdicts is not necessary.[4]

Appellant urges that the trial court erred in overruling various objections and in not granting various motions for mistrial based on the improper conduct of the prosecuting attorney. Without detailing the charges of misconduct, it is enough to say that they relate to the accosting of witnesses, implied threats to witnesses, remarks in the presence of the jury relating to matters which occurred out of the presence of the jury, prejudicial statements in colloquies between counsel and between court and counsel, and improper closing argument which went outside the record and made groundless charges and unreasonable inferences. The justification of the conduct is that it was instigated by defense tactics and that it was not prejudicial because the evidence of guilt is overwhelming.

 It should be unnecessary to say again that in a criminal prosecution a United States attorney has a double burden—the obligation to conduct the government's case zealously and the obligation to try that case fairly and with due regard to the rights of the accused.[5] In the case at bar zeal overcame fairness.

We are not impressed with the argument that the conduct of the prosecutor was caused by the conduct of defense counsel. A prosecutor should be immune to improper tactics. If he feels that his opponent has overstepped, the remedy is an appeal to the trial court—not in the adoption of unfair procedures. The sufficiency of the evidence to establish guilt does not cure the misconduct. It was aggravated and persistent with such a probable cumulative effect on the jury that it may not be disregarded as unprejudicial.[6]

This disposition of the case makes it unnecessary to consider the other assigned errors.

Reversed and remanded for a new trial.

---

3. E. g., Webb v. United States, 249 U.S. 96, 39 S.Ct. 217, 63 L.Ed. 497; De Freese v. United States, 5 Cir., 270 F.2d 730, certiorari denied 362 U.S. 944, 80 S.Ct. 810, 4 L.Ed.2d 772; Brown v. United States, 5 Cir., 250 F.2d 745, certiorari denied 356 U.S. 938, 78 S.Ct. 779, 2 L.Ed.2d 812; Nigro v. United States, 8 Cir., 117 F.2d 624.

4. Dunn v. United States, 284 U.S. 390, 393–394, 52 S.Ct. 189, 76 L.Ed. 356; see also United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48.

5. See Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314; Dunn v. United States, 5 Cir., 307 F.2d 883, 885–886; Handford v. United States, 5 Cir., 249 F.2d 295, 296.

6. See Berger v. United States, supra, 295 U.S. p. 89, 55 S.Ct. p. 633, 79 L.Ed. 1314.