Curtis William WASHINGTON,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20415.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1964.

Thomas M. Haas, Mobile, Ala., for appellant.

William A. Kimbrough, Jr., Asst. U. S. Atty., Mobile, Ala., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before RIVES, JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellant, Curtis William Washington, was charged in a two-count indictment with the unlawful possession of 78 gallons of distilled spirits in containers which did not have affixed thereto the stamps evidencing the payment of the tax thereon in violation of 26 U.S. C.A. § 5205(a) (2). In brief, the first count charged the possession of untaxed moonshine whiskey. The second count charged removing or concealing the same quantity of a like commodity contrary to 26 U.S.C.A. § 7206(4). After a plea of not guilty, a trial of less than an hour, and a verdict of guilty, the appellant was given a general sentence of three years imprisonment. From the judgment and sentence this appeal has been taken.

The appellant makes three assignments of error with respect to rulings on evidence. An investigator of the Government, after stating that he had met the appellant on a stated day, was asked to describe the circumstances of

the meeting. He answered by saying that he purchased seventy-eight gallons of whiskey from the appellant on that date. The appellant objected and moved to exclude the statement. The reply of the witness was unresponsive and conclusory. The witness proceeded to set forth the facts by which he acquired the whiskey. The challenged statement was, in the setting in which it occurred, not prejudicial.

■■ The same witness was permitted to testify, over objection, that during the evening, between 7:00 and 10:30 o'clock, people would go to the appellant's house one or two at a time and knock on the door, the porch light would come on, a curtain would be drawn back, the light would go off, and the visitors would enter. A motion to exclude was made on the ground that the testimony was incompetent, immaterial and irrelevant. The motion was overruled. We think it was not improper for the Government to show the unusual manner in which visitors came in the nighttime to the house of the appellant. The same witness was asked by Government counsel to describe an undercover man. When he had done so, he was asked if it was not dangerous work. An objection was sustained. The apologetic brief of the Government makes no excuses for the predicate laid for the question as to "dangerous work." It might be inferred that it was a basis for one of the comments, hereafter referred to, of Government counsel which the appellant says are improper. Without more, the testimony and the question following it were probably not prejudicial.

In his opening statement counsel for the Government said:

"As far as the United States is concerned, the evidence will show that this Defendant is in the liquor business and has been for a great length of time."

The appellant moved for a mistrial. The motion was denied, and in announcing its ruling the court stated, "We are concerned only with one case, and that is the case he is charged with here today.

* * * We are just trying one law suit here today." The appellant contends that he could not receive a fair trial after this statement and a reversal is required. Before us the Government contends that the statement was inadvertently made and, at most, was harmless error.

In support of his claim of error in the denial of his motion for a directed verdict the appellant contends that there is no evidence that he was in the actual possession of liquid which was sold, nor that it contained alcohol. There is no merit in this contention. We do not detail the evidence and deem it enough to say that it is clearly sufficient to support a verdict and judgment of guilt.

During the course of their jury arguments Government counsel made these statements:

"This shinny [sic] whiskey is a big business. It involves the health of our people in this district."

"If [Government investigator] Eiteljorge had been discovered, his life could have been in danger."

"One-half of a million people who live in this district have a right to be secure in their homes, secure against violators of the laws."

"About five years ago, when a different administration was in power, Defendant's attorney was arguing over here why this man should be convicted."

"Last week he said it took a speeder to catch a speeder. Now, he scoffs at the idea of a man assuming to be a bootlegger to catch another bootlegger, at the risk of his own personal safety."

Objections were made to each of these statements as they were made, and as they were made they were overruled.

The Government does not say that the statements under attack made during the opening statement of counsel or in jury argument were proper. It says that, in view of the overwhelming evidence of guilt we should say that the jury was not influenced by the improper remarks and that there was no prejudicial error.

This Court, in Handford v. United States, 5th Cir. 1957, 249 F.2d 295, stated the duty owing by federal prosecutors to defendants in criminal cases. It was repeated in Dunn v. United States, 5th Cir. 1962, 307 F.2d 883. Hopefully, we quote again:

"A United States district attorney carries a double burden. He owes an obligation to the government, just as any attorney owes an obligation to his client, to conduct his case zealously. But he must remember also that he is the representative of a government dedicated to fairness and equal justice to all and, in this respect, he owes a heavy obligation to the accused. Such representation imposes an overriding obligation of fairness so important that Anglo-American criminal law rests on the foundation: better the guilty escape than the innocent suffer. In this case zeal outran fairness. The argument of the United States attorney in the district court was improper, prejudicial, and constituted reversible error," 249 F.2d 295, 296.

■ Fair comment upon the evidence did not justify the prosecutor's statement that the people of the district had "a right to be secure in their homes." Nor was there any basis for the prosecutor's statement that the Government undercover agent was acting "at the risk of his own personal safety." Defense counsel made timely objections to the improper remarks. No admonition was given to the jury to disregard the improper statements. Prejudicial error resulted. Traxler v. United States, 5th Cir. 1961, 293 F.2d 327; Handford v. United States, supra. Cf. Wagner v. United States, 5th Cir. 1959, 263 F.2d 877; Ginsberg v. United States, 5th Cir. 1958, 257 F.2d 950.

The United States would have us excuse some of the improper comments on the ground that they were retaliatory statements provoked by comments of defense counsel. We cannot consider this contention because the reporter failed to observe the mandatory requirement of 28 U.S.C.A. § 753(b) of recording all proceedings in criminal cases had in open court. Fowler v. United States, 5th Cir. 1962, 310 F.2d 66; Stephens v. United States, 5th Cir. 1961, 289 F.2d 308.

There was ample evidence to sustain a jury finding of guilt. But there was not such overwhelming proof of guilt as would permit us to say that the conduct of the attorney for the Government was not prejudicial. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. A new trial must be had, and in order that it may be had, the judgment and sentence will be reversed and the cause will be remanded.

Reversed and remanded.