Carl Michael **MIRABILE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20168.

United States Court of Appeals Fifth Circuit.

April 14, 1964.

Rehearing Denied May 11, 1964.

Arnold M. Weiner, Baltimore, Md., for appellant.

Scott T. Cook, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

HUTCHESON, Circuit Judge.

Carl Michael Mirabile is here appealing from the judgment and sentence of the United States District Court for the Southern District of Texas, on his conviction of conspiracy to import marihuana, in violation of 21 U.S.C.A. § 176a [1], for which he received a five year sentence.

Mirabile and Nicholas Borozzi were indicted in three counts for conspiring to smuggle marihuana, smuggling, and violating the revenue laws concerning marihuana transfers. Borozzi pleaded guilty to the revenue law violations, and Mirabile was tried alone. Only the conspiracy count was submitted to the jury. In the main the government's case rested on the testimony of Hector Robles Rodriquez, a citizen of Monterrey, Mexico, who acted as a go-between in the sale of marihuana to Borozzi.

The appellant does not, nor can he, assert that the evidence given by Rodriquez, bolstered as it was by that of other government witnesses, was insufficient. Instead he argues that the nature of the prosecutor's cross-examination of the defendant, coupled with that of his jury argument, was prejudicial and reversible error. He further asserts that the district court erred in failing to grant his motion to quash and disqualify the jury panel from which his jury was selected.

During the course of cross-examining the defendant, the prosecutor, attempting to determine the sources of Mirabile's income, asked if Sally O'Mally, a woman he knew as a bar maid, was also a prostitute. He answered, "I don't know". In connection with a series of questions designed to determine whether Mirabile had knowledge of sources of supply in Mexico and had planned the buying trip, Mirabile was asked the last name of a Baltimore friend. He answered, "Hernandez." These two questions to which the defendant now objects were not objected to during the course of the trial. Finally, while questioning the defendant, the prosecutor attempted to determine whether the defendant and his girl friend were sharing a room during the trial. The question was objected to, with the district judge commenting on its irrelevancy. It went unanswered. In closing argument, the prosecutor, in answer to the argument of the defense that the government had failed to show that Mirabile had a market for the large amount of marihuana involved in the case, argued that if the defendant was working Sally O'Mally, he would have a market. This argument was objected to, the objection was sustained, a simultaneous motion for mistrial was overruled, and in the court's charge to the jury, instructions were given to disregard this as irrelevant.

This case was prosecuted with a zeal which approached the bounds of impropriety, and we do not condone the type of tactics here engaged in by the prosecu-

1. 21 U.S.C.A. § 176a. "Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under Section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000."

tor, with their tendency to lead to error. However, we find no reversible error. What error there was, if any, in the question and argument objected to was removed by the action of the trial judge, and, likewise, whatever error there might have been in the questions which passed without objection did not affect the substantial rights of the accused. Fed.Rules of Civil Procedure 52.

■ Seven days before defendant's trial, on September 17, 1962, the petit jury panel for the September term was excused for several days. In that panel's presence four of its members were requested by the district judge to meet with him that afternoon at 1:15. In his chambers the district judge asked these four jurors, who had three days before served on a jury which had acquitted a defendant charged with violation of the narcotics laws in eleven minutes, whether they had given the verdict in that case thorough consideration, whether any juror might have received outside influence, whether anything improper had gone on, and he told them that they had returned a verdict rather hastily. The defendant, upon learning this prior to his trial, moved to quash the September term panel, from which his jury was to be chosen. He is here contending that the public summons to these four jurors was a "demonstration to the entire panel that a vote for acquittal could result in a conference in the judge's chambers, and that a juror who voted for acquittal might expect to be called upon to explain his vote to someone outside the jury".

A hearing was held on this motion outside of the presence of the September term panel, in which the district judge removed the four jurors from the term panel available for Mirabile's case. He also offered to examine or allow the defense to examine the remainder of the panel on the effect of the summons of the four to the judge's office. These offers were rejected. The four jurors were collectively examined by the defense during the hearing and testified that they had neither told nor been asked about their meeting with the judge.

In light of the precautions taken to insure that no prejudice resulted from the judge's actions, we hold that his summons to the four, made as it was in front of the entire panel, did not constitute error. Nor is there any indication of harm resulting from the absence of the four from the panel as it was assembled for jury selection in the Mirabile trial. We cannot infer that the members of the panel considered that the summons to the judge's office and the subsequent absence of the four from the panel were the result of criticism of the four jurors, and then infer that the panel was infected by this implied criticism of unknown nature in such a way as to be disqualified to serve on the defendant's jury.

The claim of error here is farfetched, indeed, frivolous. There being no substance in any of appellant's claims of error, the judgment is affirmed.

JOHN R. BROWN, Circuit Judge (dissenting):

Because I believe that the improper examination of the defendant coupled with the inflammatory remarks made by the prosecutor in argument constitute prejudicial error requiring reversal, Dugan Drug Stores, Inc. v. United States, 5 Cir., 1964, 326 F.2d 835; Hull v. United States, 5 Cir., 1963, 324 F.2d 817; Washington v. United States, 5 Cir., 1964, 327 F.2d 793 [1964], I respectfully dissent. United States v. Cohen, 2 Cir., 1949, 177 F.2d 523, 528 (dissenting opinion). The Court recognizes that the questions, to the certain professional knowledge of the prosecutor, were improper. All of this was compounded by the equally impermissible argument which drilled in the prior inadmissible testimony. The case seems to be another in which the only one hurt gets no relief. Cf. Tipton v. Socony Mobil Oil Co., 5 Cir., 1963, 315 F.2d 660, 662 (dissenting opinion), reversed mem., 1963, 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4.