**Angelina Cane TREZZA and husband, James Trezza, Appellants,**

v.

**Roland Lee DAME, Appellee.**

**No. 22984.**

United States Court of Appeals Fifth Circuit.

Jan. 13, 1967.

Rehearing Denied Feb. 20, 1967.

Craig C. Cantey, Jr., Houston, Tex., Hellmut A. Erwing, Foreman, Dyess, Prewett, Henderson & Cantey, Houston, Tex., of counsel, for appellants.

John L. Hill, W. James Kronzer (on appeal), Houston, Tex., Brown, Kronzer, Abraham, Watkins & Steely, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, BELL and AINSWORTH, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a judgment of the District Court for the Eastern District of Texas allowing plaintiff Dame to recover damages against defendant Trezza for personal injuries resulting from an automobile collision in Texas. Defendant[1] asserts two errors: first, that the trial judge erred in refusing to charge the jury on the doctrine of "sudden emergency"; second, that the trial judge exceeded the bounds of proper judicial comment and in effect directed a verdict for plaintiff. We affirm.

The record reveals that the two cars involved in the accident approached each other from opposite directions, and the head-on collision occurred when defendant was on the left side of the highway attempting to pass a combination trailer-truck. Due to injuries received in the crash, plaintiff only remembered seeing the trailer-truck approach him, but not defendant's car. However, a Mr. Moore, who had been traveling behind plaintiff for several miles, testified that the defendant's car was positioned sideways when it "darted out behind that truck just like a bullet, right in the path" of plaintiff's car; that the two cars were only 100 to 200 feet apart and not over two seconds elapsed before the crash. He concluded that plaintiff could not have avoided the accident.

The truck driver generally corroborated Moore's account. He estimated 200 feet separated the two cars when defendant tried to pass him and considered this to be insufficient distance to permit plaintiff to take evasive action. Knowing a wreck was imminent, he pulled his truck off to the right shoulder of the road, attempting to give the cars more room. He stated that the crash happened "just at the wink of an eye."

The defendant's account differs materially. She testified that on two prior occasions the truck speeded up as she approached it from behind. The third time she attempted to pass when the truck's speed admittedly was 40 m. p. h. and her speed was 55 to 60 m. p. h. She saw nothing that would make it dangerous to pass, plaintiff's car seeming to be only a "speck in the distance." As she began to pass, the truck purportedly accelerated and "trapped" her on the left side of the highway; when she slowed down, so did the truck. Unable to return to the right side of the highway, defendant applied her brakes. After her car

---

1. The parties will be referred to as they were in the court below, plaintiff and defendant.

skidded and came to a stop, plaintiff's car crashed into her.

■■■ The trial judge refused to charge the jury on sudden emergency[2] on the ground that the doctrine was not raised by the evidence. Although plaintiff at the outset insists that defendant's request was not in correct form, we assume without deciding that it was since it is clear that the doctrine was not raised. The doctrine of sudden emergency provides that in determining whether a person has acted as a reasonable man, the trier of fact must consider as one of the circumstances that the person was acting in an emergency.[3] The doctrine is used to excuse post-emergency conduct which under ordinary circumstances would constitute negligence. If defendant's negligence proximately caused the emergency, as the evidence strongly suggests, the doctrine undoubtedly would be unavailable to defendant. See, e. g., Booker v. Baker, 306 S.W.2d 767, 775, (Civ.App. Dallas—1957), n. r. e.; cases cited note 1 supra. It is argued, however, that the jury could have believed that the truck indeed did trap defendant and that she was negligent subsequent, but not prior, to being trapped for the reason that she applied her brakes improperly on a wet highway. This contention is rejected summarily because there was no evidence whatsoever to support such a conclusion.

We turn now to the more difficult question concerning the trial judge's comments to the jury. With regard to what facts the jury was to find, the judge said "broadly and generally, it relates to the issue of liability, whether or not the accident was caused from the fault of the defendant and without any fault of the plaintiff." He then stated:

> Now it is rather clear in this case that the defendant is negligent and her negligence was responsible for the accident—the Court believes that the facts indicate that—and that the plaintiff was not negligent but, out of fairness, you may disagree with the Court and, out of fairness, the Court is going to submit the issue of liability to you and you may find in favor of the defendant if you want to—if you believe the facts to warrant you in making such a finding, under the instructions that the Court gives you.

After impartially stating the contentions of both parties and defining basic terms, the judge continued:

> As the Court instructed you in the beginning, I do not think that there is any issue of fact for this jury to pass upon on the question of liability. I think the question of liability is clearly against the defendant but I am submitting it to you in the event that you wish to disagree with the Court, and you have that right, of course, because you are triers of the fact.

■■■ It is undeniable that a trial judge in a federal court may comment on the evidence and express his opinion on factual issues. But it is recognized that a judge is the governor of the trial, and, as such, his comments surely receive weighty consideration; thus they must be tempered in order to avoid directing a verdict. The judge must leave the jury with the firm impression that it is their function, not his, to determine

---

2. The established definition of an emergency is stated in Goolsbee v. Texas N.O.R.R., 150 Tex. 528, 532, 243 S.W. 2d 386, 388 (1951):

   [A] condition arising suddenly and unexpectedly and not proximately caused by the negligent act or omission of the person in question and which calls for immediate action on his part and without time for full deliberation.

   Accord, Higginbotham v. Ritchie, 367 S.W.2d 210, 211 (Civ.App. Fort Worth—

1963), no writ hist.; Mid-Tex Dev. Co. v. McJunkin, 369 S.W.2d 788, 792 (Civ.App. Dallas—1963), no writ hist.; Jones v. McIlveene, 105 S.W.2d 503 (Civ.App. Texarkana—1937), error dism'd; Hooks v. Orton, 30 S.W.2d 681 (Civ.App. Beaumont—1930), no writ hist.

3. See generally Thode, Imminent Peril and Emergency in Texas, 40 Texas L.Rev. 441, 451–61 (1962).

the facts and that their determination may disagree with his opinion.[4] The quoted portions of the charge show that on two occasions the judge left no doubt that he had concluded defendant was clearly negligent. We feel that the judge came dangerously close to usurping the function of the jury by so forcefully pronouncing his opinion on the ultimate issue. Arguably the effect of these statements was counterbalanced by the jury being told on both occasions that they were the trier of the facts and could disagree with the court's opinion. Such expressions, however, do not always cure an error in the charge. See Quercia v. United States, note 3 supra, 289 U.S. at 472, 53 S.Ct. 698; O'Shaughnessy v. United States, 17 F.2d 225, 228 (5th Cir. 1927).

 Although the comments under consideration would have been better left unsaid, we hold that they did not constitute prejudicial error in light of the facts of this case. The testimony of two disinterested witnesses, who were in good position to view the crash, was essentially that defendant attempted to pass when plaintiff's oncoming car was only 200 feet away and that the accident which they considered inevitable once defendant changed lanes happened within several seconds. It is doubtful that their testimony could have been discounted significantly by defendant's testimony that plaintiff's car was only a "speck in the distance" when defendant began to pass the truck. This is especially so when compared with the claim that she was "trapped" by the truck. She admitted that she approached the truck from behind when its speed was approximately 40 m. p. h. and her speed was 55 to 60 m. p. h. Yet she asserts that thereafter the truck accelerated and slowed down in unison with her car so that her "front wheels were in line with his rear wheels all the time." That a combination trailer-truck could so quickly accelerate and then trap a passenger car for so long a time as is required for a speck in the distance to materialize into an onrushing vehicle seems highly unlikely. Because the jury was indeed told they could disagree with the judge, and more important, because of the considerable evidence against defendant, we cannot say that the trial judge's comments were so prejudicial as to be reversible error. In so holding, however, we caution that we do not approve all the comments made, and that on a different record some of the comments might well require reversal.

The judgment is affirmed.

---

4. See Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Tipton v. Socony Mobil Oil Co., Inc., 315 F.2d 660, 662 (5th Cir.), reversed per curiam on another ground, 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4 (1963);

Stuckey v. Andrews, 249 F.2d 828, 830 (5th Cir. 1957); Texarkana Bus Co. v. Baker, 142 F.2d 491 (5th Cir. 1944). See also 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 1105, at 466 (Wright ed. 1961).