Carey Eugene **FRANKLIN**, Plaintiff-Appellant,

v.

**SANDERSVILLE RAILROAD COMPANY**, Defendant-Appellee.

No. 30374.

United States Court of Appeals,
Fifth Circuit.

June 22, 1971.

Buckner F. Melton, Andrew W. McKenna, Melton, McKenna & House, Macon, Ga., for plaintiff-appellant.

Wallace Miller, Jr., Macon, Ga., D. E. McMaster, Sandersville, Ga., Thomas Harper, Jr., Atlanta, Ga., for defendant-appellee; Jones, Cork, Miller & Benton, Macon, Ga., of counsel.

Before BROWN, Chief Judge, COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

Franklin's appeal from a judgment for the railroad based on an adverse jury verdict confines its attack to the charge of the Court. We affirm.

This recognizes that factually it was a classic case for jury resolution of the claim that Franklin was knocked off a railroad car on the industrial siding of his employer when another car supposedly slammed into it by reason of a third car—spotted a couple of weeks previously—rolling down the track of its own momentum presumably because of the railroad's failure to set the brakes properly, and the like.

■ Only two contentions warrant discussion. The first is that the Court failed to charge that the burden of proof was on the railroad to establish the three separate defenses of the Plaintiff's own negligence, avoidable consequences and the Plaintiff's negligence exceeded that of the railroad for purposes of Georgia's comparative fault doctrine. We have serious doubts that the efforts to bridge an exception made to another portion of the charge over to this phase was sufficient under F.R.Civ.P. 46 and 51. But in any case we think the charge as a whole spelled out in understandable terms what would be the consequences of indicated possible findings on these issues and no harm resulted.

■ The second is a reference to the Georgia compensation law and the liability of Franklin's employer to him under it. This entered the case—improperly, we may assume—out of an effort to clarify identification of some medical reports referred to in the testimony of one of the doctors. We find this harmless for at least two reasons. First, while objection was first asserted, in the running colloquy counsel for the Plaintiff acquiesced and the effort to revive it in the formal objections was unavailing. Next, the charge made clear that the reference did not have any bearing on the liability issues or damages for that matter—except for possible subrogation. The verdict was a general one for the railroad, and with the serious injuries involved it is difficult even with intricate metaphysical variations of Georgia's comparative fault theory to work up an explanation of why an element going really only to damages could result, not in a finding of no damages, but one which completely exonerated the railroad. Obviously this analysis bears on this case only and in no sense excuses the improper introduction of these collateral matters in other situations. See Tipton v. Socony Mobil Oil Co., 5 Cir., 1963, 315 F.2d 660 (dissenting opinion), vacated and remanded, 375 U.S. 34, 84 S. Ct. 1, 11 L.Ed.2d 4, reh. den., 375 U.S. 936, 84 S.Ct. 328, 11 L.Ed.2d 268.

Affirmed.