Lawrence L. JACOBS et ux., Appellants,

v.

H. L. RUST COMPANY et al., Appellees.

No. 8042.

District of Columbia Court of Appeals.

Argued Feb. 25, 1975.

Decided March 4, 1976.

Robert J. Stanford, Washington, D.C., for appellants.

Richard W. Galiher, Washington, D.C., with whom Eugene L. Chrzanowski, Washington, D.C., was on the brief, for appellees.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment for defendants in a personal injury action, after a jury trial.[1] We affirm.

---

1. Subsequent to receipt of the verdict in favor of defendants, the trial judge held, on the basis of a defendant's motion which had been taken under advisement, that appellant Lawrence L. Jacobs was contributorily negligent as a matter of law. In light of our conclusions here, we need not consider the issues raised by the alternative ground for the judgment for defendants.

On July 2, 1968, appellant Lawrence L. Jacobs[2] was employed by the District of Columbia government, and in the course of that employment he visited appellees' building at 601 Indiana Avenue, N.W., where he allegedly sustained hip and leg injuries. The injuries are asserted to have occurred when Jacobs was thrown off balance in an attempt to avoid stepping on a roll of heavy paper which had been negligently left on a basement stairway on appellees' premises.

The principal contention before us[3] is that the Superior Court violated the collateral source rule with respect to a reference to appellant's workmen's compensation claim during appellees' opening statement and with respect to certain testimony on the same subject.

■ The collateral source rule provides that when a tort plaintiff's items of damage are reimbursed by a third party who is independent of the wrongdoer, the plaintiff may still seek full compensation from the tortfeasor even though the effect may be a double recovery. Restatement of Torts, § 920, comment *e* (1939). The rationale of this principle is that:

[i]n general the law seeks to award compensation, and no more, for personal injuries negligently inflicted. Yet an injured person may usually recover in full from a wrongdoer regardless of anything he may get from a "collateral source" unconnected with the wrongdoer. Usually the collateral contribution necessarily benefits either the injured person or the wrongdoer. Whether it is a gift or the product of a contract of employment or of insurance, the purposes of the parties to it are obviously better served and the interests of society are likely to be better served if the injured

person is benefitted than if the wrongdoer is benefitted. Legal "compensation" for personal injuries does not actually compensate. Not many people would sell an arm for the average or even the maximum amount that juries award for loss of an arm. Moreover the injured person seldom gets the compensation he "recovers", for a substantial attorney's fee usually comes out of it. There is a limit to what a negligent wrongdoer can fairly, *i. e.,* consistently with the balance of individual and social interests, be required to pay. But it is not necessarily reduced by the injured person's getting money or care from a collateral source. [*Hudson v. Lazarus,* 95 U.S.App.D.C. 16, 18–19, 217 F.2d 344, 346 (1954) (footnotes omitted).]

Thus, the receipt of payment from a collateral source may not be injected into a trial to mitigate damages or in any manner which would mislead, improperly influence or prejudice the jury. *Eichel v. New York Central Railroad Co.,* 375 U.S. 253, 84 S. Ct. 316, 11 L.Ed.2d 307 (1963); *Tipton v. Socony Mobil Oil Co., Inc.,* 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4 (1963); *Ridilla v. Kerns,* D.C.Mun.App., 155 A.2d 517 (1959); *LaMade v. Wilson,* U.S.App.D.C., 512 F.2d 1348 (1975).

■ In his opening statement, counsel for appellees referred to appellant's workmen's compensation claim in connection with other remarks which suggested appellant had been less than truthful while seeking payment for his injuries from various sources. At the conclusion of the defense opening statement, appellant's counsel moved for a mistrial and the trial judge concluded that the motion was "premature." He denied the motion (without prejudice to later renewal) on the ground

---

2. This appeal was also brought in the name of Elizabeth Jacobs, the wife of Lawrence L. Jacobs. Her sole claim was for loss of society and services, and since it does not require

discussion here, we will refer only to the claim of the appellant husband.

3. We have examined all of the additional assignments of error and find them without merit.

that evidence relating to appellant's workmen's compensation claim would be admissible if it showed inconsistencies between that claim and statements appellant had made in support of this and a second law suit which he instituted.[4]

This ruling was made by the trial judge after rather extensive discussion with counsel and consideration of the possibility of prejudice. It so happens that, in connection with settlement discussions, the trial judge had occasion to review pre-trial depositions, and consequently, was generally familiar with the case. The gist of the trial court's reasoning was that under the circumstances the reference to workmen's compensation would be viewed in the context of the trial as it progressed; and that under these particular conditions the remark in the opening statement alone was not sufficient to require a mistrial. In this situation, we find no abuse of discretion in this ruling.

The collateral source issue was later raised again during cross-examination of appellant. Appellant complained of this line of inquiry at a bench conference but not only did not move for a mistrial but specifically declined the court's offer immediately to instruct the jury on the point.

Notwithstanding the earlier indication of an arguably valid use of prior inconsistent statements of the plaintiff in connection with his workmen's compensation claim and going to the heart of the principal issue in this trial, the plaintiff unaccountably was subsequently asked on recross-examination whether he was receiving (1) a pension from the Marine Corps and (2) substantial benefits from the Federal Government as a result of the injury here involved. There were no objections to these questions, but later at a bench conference counsel for appellant,

---

4. During the course of the trial, potentially impeaching evidence was in fact elicited.

5. As we indicated earlier, however, a defendant may well be flirting with prejudicial error

when reminded by the court that there had been no objection, stated "Well, I object at this point and *ask that they be stricken*" (emphasis supplied). The court thereupon complied with this specific request and additionally instructed the jury that the testimony should not enter into the jury's deliberations "in connection with the decision you are going to reach in this case."

On this unusual state of the record, we conclude there was no prejudicial error.[5]

by injecting collateral source evidence into a trial. It is only because of the exceptional circumstances which arose that a reversal did not occur in this case.