**Thomas S. BOE, Plaintiff,**

v.

**LANE & COMPANY, INC., Defendant.**

**Civ. A. No. 75–3750.**

United States District Court,
E. D. Louisiana.

Jan. 28, 1977.

**1180**

James A. McPherson, Peter J. Abadie, Jr., New Orleans, La., for plaintiff.

John I. Hulse IV, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge.

In this seaman's personal injury suit, brought under the Jones Act and general maritime law, plaintiff, after a jury verdict in his favor, moved for a new trial because of the alleged prejudice arising from a question by defense counsel asking the plaintiff whether he was receiving workmen's compensation.[1] This happened in the following manner, during interrogation of the plaintiff by defense counsel:

Q. Do you have any income besides working at the bar or restaurant?

A. My wife is working.

Q. Have you received any compensation during this time?

A. I was receiving compensation

MR. McPHERSON: Objection, Your Honor, mentioning compensation.

MR. HULSE: We stipulated to that, Your Honor.

MR. McPHERSON: No, sir, I didn't.

---

1. The courts have consistently held that evidence of compensation may not be introduced. *Eichel v. New York Central R. R.,* 1963, 1975, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307; *Page v. St. Louis Southwestern Ry.,* 5th Cir. 1965, 349 F.2d 820; *Fidelity & Casualty Co. v. Drexler,* 5th Cir. 1955, 220 F.2d 930. This is

THE COURT: Well, any motions will be reserved until later with the same effect as if they were made now. Proceed. Motions can be made later, if you wish.

The Court inquired whether the plaintiff desired that the jury be instructed to disregard this testimony, and the plaintiff elected not to request such an instruction. Nor did the plaintiff request any special instruction on the subject to be given in court's charge to the jury. The jury rendered a verdict finding the defendant negligent and the plaintiff contributorily negligent to the extent of 60%. It assessed total damages in the sum of $30,000, thus making the plaintiff's net recovery $12,000.

■ The evidence would have supported a substantially higher verdict, or a substantially lower percentage of contributory negligence. However, the verdict, as reached, was not so unreasonably small as to indicate passion or prejudice against the plaintiff, and, in the absence of the issue raised by question about compensation, the court would not grant a new trial. The verdict does not "shock the conscience," nor can it be considered "grossly inadequate." See discussion in Moore's Federal Practice, Vol. 64, section 59.09[6] and cases cited therein.

■ The sole issue, then, is whether the one question and answer recited so tainted the assessment of damages that the court should order a new trial to be conducted in an antiseptic atmosphere.

Courts have said, in dicta, "The smell of insurance or workmen's compensation must be presumed to affect a jury adversely to a plaintiff's cause." See *Mangan v. Broderick and Bascom Rope Co.,* 7th Cir. 1965, 351 F.2d 24, quoted in *Schroeder v. Penn. Railroad,* 7th Cir. 1968, 397 F.2d 452, 457. But in every case dealing with the issue there has been more than passing mention and, in

---

true even if the issue of damages is never reached. *Caughman v. Washington Terminal Co.,* 1965, 120 U.S.App.D.C. 217, 345 F.2d 434. The issue presented here is not its admissibility, but whether a new trial is necessitated in every case where it is improperly introduced.

most, the jury has decided the entire case against the plaintiff. Thus, in *Schroeder,* the jury found no liability. The defense counsel had introduced testimony concerning the plaintiff's receipt of workmen's compensation benefits, and the Secretary of the State Industrial Commission was called to identify documents relating to his application for and receipt of those benefits. The documents themselves, and evidence of the amounts paid were introduced.

Similarly, in the other cases that have dealt with the issue, the prejudicial evidence has been emphasized. Thus, in the leading case, *Tipton v. Socony Mobil Oil Company, Inc.,* 1963, 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4, the Supreme Court noted, "Throughout the trial respondent's counsel emphasized that the petitioner 'has a remedy under a federal compensation act, and in fact received benefits in the form of weekly payments under that act' . . ." While deliberating, the jury in *Tipton,* sent a note to the judge inquiring about the plaintiff's recourse to compensation under the . . . "Outer Continental Shelf or other act . . ." While the trial judge replied, "This is not a matter for the jury's consideration. You should consider only the questions submitted and the evidence thereon", the Supreme Court held, "[T]his reply was insufficient to overcome the impact of the evidence of other compensation as submitted to the jury." It went on to hold that the prejudicial effect was not restricted to the issue of damages and affected the determination of liability.

In *Altenbaumer v. Lion Oil Co.,* 5th Cir. 1950, 186 F.2d 35, 36, the Court granted a new trial where the defendant was permitted to "repeatedly bring to, and impress on, the attention of the jury over plaintiffs objection, the fact that the deceased was covered and protected by Workmen's Compensation Insurance."

In *Mangan v. Broderick & Bascom Rope Company,* C.A. 7 1965, 351 F.2d 24, the court had instructed counsel prior to the trial not to mention evidence of workmen's compensation benefits until he ruled on the request to admit such evidence. Notwith-

standing this order, counsel questioned three separate witnesses about workmen's compensation benefits over objections and arguments of opposing counsel and despite chastisement by the court.

The appellate court considered the repetitive effect of counsel's attempts to introduce evidence of workmen's compensation paid, the attention drawn to his efforts by the continuing objections, and the deliberate impropriety of counsel in defying of the court's order. In a later decision, the court referred to the fact that the continual conduct on the part of this particular attorney weighed in its decision. *Kiefel v. Las Vegas Hacienda, Inc.,* CA 7 1968, 404 F.2d 1163.

Similarly, in *LaMade v. Wilson,* 1975, 168 U.S.App.D.C. 108, 512 F.2d 1348, counsel for defendant asserted in his opening statement that plaintiff had filed a separate claim for workmen's compensation. The plaintiff's objection was overruled, and defense counsel then continued to dwell at length in his opening statement on workmen's compensation claims and the award already made to the plaintiff. In cross examination counsel elicited additional testimony about the injury and the workmen's compensation claim, hearing, and award. Then in closing argument he again referred to the workmen's compensation claim.

The court pointed out that the repeated references to workmen's compensation created a substantial chance that the jury might have been influenced, especially since counsel, in closing argument, stated that the "identical case" before the jury had already been tried in the workmen's compensation hearing and an award made.

Noting that there might be a possible distinction between the single question put in this case and the emphasis on compensation in the cases that have previously considered the issue, this court gave defendant additional time in which to find and cite any case in which evidence of workmen's compensation was introduced to the jury, over plaintiff's objection, and a new trial was *not* granted. Apparently, no such cases were found. On the other hand, coun-

sel for plaintiff has cited no case where a single reference to compensation was held cause for a new trial.[2]

There are cases in which courts have refused to grant new trials despite the mention of compensation, although each involves a set of circumstances distinct from those presented here. For example, in *Buchanan v. Chicago & N. W. Ry. Co.,* 7th Cir. 1947, 159 F.2d 576, counsel made reference to compensation in his opening statement and attempted to introduce a certified copy of plaintiff's compensation petition. However, plaintiff failed to object to the opening remarks and the court sustained the objection to introducing the compensation petition, stating in the presence of the jury that it was immaterial.

In *Boettger v. Babcock & Wilcox,* 3d Cir. 1958, 253 F.2d 854, no objection was taken when reference to workmen's compensation was made and the answers by the jury showed that they decided defendant was not plaintiff's employer.

In a number of cases denying a new trial motion, the complaining party induced or concurred in the mention of compensation. *Cagle v. McQueen,* 5th Cir. 1952, 200 F.2d

186, cert. den. 346 U.S. 815, 74 S.Ct. 25, 98 L.Ed. 342; *Snyder v. Lehigh Valley Ry. Co.,* 3d Cir. 1957, 245 F.2d 112; *Welch v. Dearborn Machinery Movers Co.,* 6th Cir. 1960, 276 F.2d 192; *Grzybowski v. Arrow Barge Co.,* D.C., 177 F.Supp. 568.

Additionally, courts have permitted parties to introduce evidence of compensation where it is relevant for independent reasons. In *Benson v. American Export Isbrandtsen Lines, Inc.,* 3d Cir. 1973, 478 F.2d 152, 154–155, such evidence was introduced during cross-examination to refute the impression that plaintiff had reluctantly submitted to a painful back operation in order to cooperate with his physician's recommendations. Defendant, in refutation, was permitted to show that plaintiff's motivation was a fear of losing his compensation benefits. See also, *Gladden v. P. Henderson & Co.,* 3d Cir. 1967, 385 F.2d 480; *Majestic v. Louisville & N. R. Co.,* 6th Cir. 1945, 147 F.2d 621; 47 A.L.R.3d 234, and cases cited therein.

In this present case, there was only one mention of the subject. Plaintiff's counsel apparently decided, as a matter of trial strategy, to rest on his motion for a new trial.[3] This gave him a chance to see what

---

**2.** In *Burnett v. Hernandez,* 9th Cir. 1959, 263 F.2d 212, the Court held it was reversible error to permit cross examination of plaintiff's physician on whether his bill for services to plaintiff was what plaintiff actually incurred. The court reasoned that although such questioning did not mention compensation, it created the impression that the doctor had received part of his fee from compensation. The court noted, "It is an exceedingly close question * * * While one may doubt that the diversion with the doctor on his fee caused [plaintiff] to lose his whole case . . . still it well might have caused a smell with the jury which he could not remove." 263 F.2d, at 214. A new trial was granted. However, the court, sitting in diversity, was motivated by an especially strong Oregon statutory policy against the mention of compensation.

After adoption of the Federal Rules of Evidence in 1975, the applicability of state evidentiary rules to federal procedure ceased. Prior to adoption of these Rules, Fed.R.Civ.P. 43(a) allowed evidence admissible under *either* federal or state law: "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or

under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held." The court in *Burnett* mistakenly failed to consider federal law at all. Hence, its decision is of little precedential value.

**3.** In *Sun Oil v. Pierce,* 5th Cir. 1955, 224 F.2d 580, a witness inadvertently used the expression, "the insurance company concerned" meaning the plaintiff's employer's compensation carrier. The court offered to clear the matter up by instruction to the jury, but defendant's counsel objected and insisted on a mistrial. Without discussion, the court held it was not reversible error to refuse the mistrial, and cited Texas law. The opinion should not be read to imply that failure to request or accept curative instructions waives the right to a new trial where it is otherwise appropriate. A new trial was inappropriate in *Sun Oil* in any case because the defendant rather than the plaintiff receiving the compensation, was the party claiming prejudice, and perhaps because of the ambiguity of the reference to compensation. Additionally, insofar as the decision is based on state law, it is inapplicable. See note 2, infra.

the verdict would be and to decide whether to accept it or try in a new trial to do better. On the other hand, defense counsel apparently also chose to take his chances with the record as it stood. Neither asked for an instruction to disregard the testimony. In view of this, the court did not elect of its own volition to instruct on the matter.[4] The issue is then put baldly: Is a single mention of compensation so lethal that it taints the jury's verdict so as to command a new trial?

The answer to this is not easy, and this trial court feels uncomfortable about any categorical disposition. However, in this case the jury's assessment of total damages was not unreasonably small. While the assessment of comparative negligence reduces the verdict materially, and a clever jury might have sensed the latent problem now being considered, that thesis seems to impart an unwarranted degree of chicanery to the jury. Whether the plaintiff was conspicuously negligent was a major issue in the case and was strenuously argued. The defendant argued that the plaintiff carelessly walked down a slippery board with his arms full. Another worker testified that he sat and slid down the board. The plaintiff contended he had his arms full of material he needed to carry and that it was not appropriate for a working man to have to go to his place of work by sliding on his buttocks. On the record as a whole, and having watched the jury and heard the evidence, I think that their two assessments were separately made without ulterior design, and that the jury performed its duty in accordance with its instructions.

Rule 103, Federal Rules of Evidence, while not directly pertinent, is relevant. It states:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and *(1) Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . .

■ Rule 1, Fed.R.Civ.P., provides for "the just, speedy, and inexpensive determination of every action." These attributes are complimentary. Each case must be considered; in addition the impact of punctilio on a court's docket must be taken into account. It is a cliche because it is both true and oft-repeated that each litigant is entitled only to a fair, not a perfect trial.[5] Granting a new trial in response to every minor flaw in a proceeding may be "just" to the litigants involved, if they can bear the additional expense, but it imposes delay on litigants queuing for federal trial time.

It would have been better had defense counsel not deliberately injected the germ of prejudice. But I cannot say that it was so virulent as to kill the verdict.

---

4. Whether an instruction to disregard the testimony would be effective can only be a matter of speculation. Some may take the view that such an instruction will be faithfully followed, while others may reasonably believe that such an instruction would serve only to draw additional attention to the inadmissible evidence. See E. Morgan, Some Problems of Proof Under the Anglo-American System of Litigation, 1956, at 105, suggesting that limiting instructions disjunctively treat juries "at times as a group of low-grade morons and at other times as men endowed with a superhuman ability to control their emotions and intellects." Hence whether to request an instruction ought to be a strategic choice of the party adversely affected by the evidence. Plaintiff's attorney made such a conscious strategic decision and chose not to request an instruction. Accordingly, the failure of the court to give an instruction, as it offered to do, cannot be a basis for granting a new trial. By the same stroke, the plaintiff's failure to request an instruction does not prejudice a new trial motion based on the admission of the evidence. See note 3, infra.

5. Even in the context of criminal trials, the Supreme Court has recognized:

> Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial but not a perfect one.' *Lutwak v. United States,* [1953], 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593. *Bruton v. United States,* 1968, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476.

For these reasons the motion for a new trial is DENIED.