346 So.2d 1272 (1977)
Chester CORLEY and Hazel Lee Corley, Plaintiffs-Appellants,
v.
Eric E. WEST, Individually, and as Administrator of the Estate of his minor daughter, Lisa Bea West, Defendant-Appellee.
No. 5970.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
Provosty & Sadler by David P. Spence, Alexandria, for plaintiffs-appellants.
William E. Skye, Alexandria, for defendant-appellee.
Before WATSON, FORET and HEARD, JJ.
FORET, Judge.
This is an appeal from a judgment in favor of Chester Corley and Hazel Lee Corley against Eric E. West, wherein plaintiffs were awarded $750 and $1,500 respectively, as general damages and $355 as special damages. Plaintiffs filed this appeal, wherein they alleged that the trial court erred in finding that the defendant was uninsured and in awarding inadequate general damages, and in refusing to assess the fees of their physicians for the preparation of reports as expert witnesses and as costs of court. Defendant answered the appeal and also filed an appeal, alleging the trial court erred in awarding $355 as special damages.
During the afternoon of May 11, 1975, on Louisiana Highway 454 in Rapides Parish, there was a collision between the 1973 Chevrolet pickup, operated by plaintiff Chester Corley and occupied by plaintiff, Hazel Lee Corley, and a 1970 Chevrolet sedan operated by Lisa Bea West, the minor daughter of defendant, Eric E. West, the owner of the vehicle. Plaintiffs were taken by ambulance to Rapides General Hospital.
Hazel Corley was hospitalized for one week and underwent medical attention from Dr. A. L. Rayburn, Pineville, Louisiana, for some five (5) to six (6) weeks. As a result of the accident, she sustained cervical muscle spasms, bruises and contusions of her left shoulder and left knee, and a *1273 sprained left wrist. Medicine for pain, the wearing of an ace bandage and a cervical collar were prescribed for her.
Chester Corley was not hospitalized, but was treated by Dr. G. L. Hovnatanian, Pineville, Louisiana, for some eight (8) weeks. His injuries, as a result of the accident, were three cracked ribs, for which pain medication and the wearing of a corset were prescribed. Upon his discharge from the medical care of his doctor, Mr. Corley suffered no residual pain.

I

GENERAL DAMAGES
The case was submitted on joint stipulations of counsel for plaintiffs and defendant. The stipulations, introduced into evidence, concern defendant's admission of liability and payment of special damagesthe value of plaintiffs' automobile, the fee of the wrecker for removal of plaintiffs' motor vehicle, and the radiologists' and hospital expenses; a medical report of Dr. G. L. Hovnatanian concerning his treatment of Chester Corley; a medical report of Dr. A. L. Rayburn concerning his treatment of Hazel Corley; and a medical report from Rapides General Hospital. Nowhere in the record is there evidence touching upon whether defendant was or was not insured. Although the trial judge should not have considered that which was not within the record, he did not commit manifest error. His awards for general damages were supported by the evidence and the inferences that can be drawn therefrom. This Court is not permitted to substitute its opinion for that of the trial judge unless it finds that he has abused his discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) and cases cited therein. Accordingly, we affirm the trial court's award for general damages.

II

EXPERT WITNESS FEES
At trial, the reports of Doctors Hovnatanian and Rayburn were introduced into evidence. Plaintiffs-appellants argue that the fees of these doctors for the making of the reports should be assessed as costs of court and taxed against defendant-appellee.
LSA-R.S. 13:3666 provides for the compensation of expert witnesses. It states that:
"A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required."
The jurisprudence of this State is to the effect that expert witness fees should be awarded in this type of casethey were awarded to a physician whose written report was by joint stipulation admitted into evidence in lieu of his deposition (Coine v. Smith, 100 So.2d 902 (La.App. 1 Cir. 1958); Theunissen v. Guidry, 151 So.2d 499 (La. App. 3 Cir. 1962)) and to an accountant whose report, but not testimony, was admitted into evidence Duvernay v. Airey, 172 So. 815 (Orl.La.App.1937)). Accordingly, the $50.00 fee of Dr. Rayburn and the $35.00 fee of Dr. Hovnatanian shall be taxed as costs of court and assessed against defendant-appellee West.

III

SPECIAL DAMAGES
The expenses of plaintiffs at Rapides General Hospital amounted to $699.25, of which amount defendant West originally paid $344.00 and plaintiffs' hospitalization insurer paid $355.25. In the judgment of the trial court, plaintiffs were awarded $355.00 as special damages.
In a case such as thiswhere the plaintiff receives payment from his insurer to whom he has paid premiumsthe tort feasor is not entitled to credit against his liability the amount of insurance benefits so paid. Hall v. State of Louisiana, through the Dept. of Highways, 213 So.2d 169 (La. *1274 App. 3 Cir. 1968), writ refused 252 La. 959, 215 So.2d 128. Accordingly, we affirm the portion of the judgment of the trial court relative to the award of special damages.
All costs of this appeal are assessed equally against plaintiff and defendant.
AFFIRMED IN PART, REVERSED IN PART.