399 So.2d 802 (1981)
Daniel COMEAUX, Plaintiff-Appellee,
v.
DAIRYLAND INSURANCE COMPANY et al., Defendants-Appellants.
No. 8257.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*803 McHale, Bufkin & Dees, Louis D. Bufkin, Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, for third party plaintiff-defendant-appellant.
Plauche, Smith, Hebert & Nieset, Frank M. Walker, Jr., Lake Charles, for defendant-appellee.
Rogers & St. Romain, Jack J. Rogers, Lake Charles, for plaintiff-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
SWIFT, Judge.
On September 12, 1978, at approximately 6:30 a. m. James Patrick LaFleur was driving his 1964 Ford automobile in a westerly direction in the left lane on Interstate Highway 10 in Lake Charles, Louisiana. Daniel Comeaux was a guest passenger in the LaFleur automobile. Following LaFleur was a Chevrolet pickup truck owned and driven by Antoine Alton Charles. Behind the Charles truck was a 1975 Chevrolet automobile driven by James H. Howard, Jr. A misty rain was falling at the time and the traffic was heavy.
As this caravan of vehicles approached the bridge crossing the Calcasieu River the first vehicle slowed and stopped because LaFleur saw flashing red lights on the top of the bridge and the traffic ahead of him was stopping.
LaFleur and Comeaux testified that the automobile in which they were stopped was hit from behind twice. The first impact was when Charles' pickup truck struck the stopped vehicle. The second resulted when Charles' truck was pushed into LaFleur's vehicle presumably after being hit by Howard's vehicle.
Charles testified his truck was struck in the rear as he was coming to a stop and that he rearended the LaFleur vehicle only after Howard's vehicle hit him. He maintained there was only one impact between the first and second vehicles.
*804 Howard admitted that when he hit Charles' truck he did not know if Charles had already been involved in a collision. Nor did he know whether the pickup struck the other car after it was hit by him.
Mr. Comeaux filed this suit for personal injuries and damages against James H. Howard and his insurer, Dairyland Insurance Company (Dairyland).
Dairyland and Howard answered, asserting that Howard was confronted with a sudden emergency and the accidents were caused solely by the negligence of Charles in running into the rear of the LaFleur vehicle. The defendants also filed a third party demand against Charles seeking indemnity or contribution for any award made to Comeaux against them.
Charles filed a reconventional demand against Dairyland and Howard for his personal injuries and damages, asserting the sole cause of the accident was the negligence of Howard. Dairyland and Howard pled contributory negligence on the part of Charles.
Before the trial Dairyland and Howard reached a compromise settlement with Comeaux for his claims and the suit was dismissed as to the defendants. However, all three parties reserved their rights against Charles.
Following a trial on the merits the court dismissed the third party demand of Dairyland and Howard and also the reconventional demand of Charles. In oral reasons for judgment the trial judge, obviously believing the testimony of LaFleur and Comeaux was more credible than that of Charles, found that Charles' truck struck LaFleur's automobile twice. He concluded that Howard was negligent in following Charles' truck too closely and that Charles was negligent in that he was not as attentive as he should have been. Howard's and Dairyland's claim for contribution from Charles for Comeaux's injuries was denied, because he felt they failed to prove that "the $3000.00 they paid to Mr. Comeaux was as a result of Mr. Charles bumping Mr. LaFleur...." However, on a motion for a new trial the judgment was amended to award Dairyland $1500.00 against State Farm Automobile Insurance Company (State Farm), Charles's insurer, as contribution of one-half the amount paid to Comeaux in the settlement. The fee of Charles' expert medical witness was fixed at $100.00.
Mr. Charles has appealed the trial court's decision alleging two specifications of error. State Farm has taken no action in regard to Dairyland's judgment against it, so the issues involved therein are not before this court.
Appellant's first specification is that the trial judge erred in denying Charles his demand against Howard and Dairyland without making a finding that Charles had committed any act of negligence which proximately caused Howard to rearend his truck. His contention, as we understand it, is that they failed to prove that Charles created a sudden emergency to overcome the presumption that Howard negligently caused Charles' injuries by colliding with the rear of his truck.
We affirm the trial judge's factual determination that Charles' truck struck LaFleur's vehicle twice and not just once. There is ample testimony in the record to support this conclusion and certainly we cannot say it was clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
An examination of the jurisprudence of this state reveals several cases with strikingly similar factual circumstances. In Coates v. Marcello, 235 So.2d 162 (La.App. 4 Cir.1970), the plaintiff was the second of three drivers involved in a series of rear-end collisions. The lead vehicle stopped because of a hazard in the road and the plaintiff vehicle struck the rear of this first vehicle. A third vehicle, driven by defendant, struck plaintiff's vehicle and caused plaintiff's vehicle again to strike the first vehicle. The two collisions occurred within seconds. The court held the plaintiff was negligent in following the preceding vehicle too closely and that this caused him to execute a sudden and unexpected stop which directly contributed to the second *805 collision. Such contributory negligence being causally connected to the second collision, it barred plaintiff's recovery from the third driver.
Flowers v. St. Paul Companies, 336 So.2d 1018 (La.App. 2 Cir.1976), also concerned a three-vehicle collision. The second vehicle collided with the rear of the first vehicle and the third vehicle collided with second, sending the second back into the first. The court found the driver of the second vehicle was negligent and that her negligence was the sole cause of both collisions. It concluded that the driver of the third vehicle was free of negligence, because he was proceeding reasonably and without timely warning was confronted with a sudden emergency.
In Bush v. Aetna Casualty and Surety Company, 340 So.2d 408 (La.App. 2 Cir. 1976), the first car stopped at a red light, a second car collided with the first, and a third car collided with the second, pushing it into the first vehicle. The court found the second driver's contributory negligence barred his recovery against the third driver. Only a "second or two" separated the first and second collisions in that case. The court stated:
"Even assuming negligence of the third vehicle, plaintiff's contributory negligence bars his demands against the liability insurer of the third vehicle."
Each case, of course, must be decided according to its own particular facts and circumstances. However, in similar three-vehicular rear-end accidents generally it has been held that the driver of the second car is guilty of negligence that is at least a contributing cause of being struck by the third car when the second driver has stopped suddenly and unexpectedly because of the collision with the first car that was caused by the second driver's negligence in following too closely, not keeping a proper lookout or not having his vehicle under proper control.
Appellant in this case argues that Howard had ample opportunity to avoid colliding with the rear end of the Charles vehicle. Thus, the pivotal question is whether Howard, the driver of the third vehicle, had sufficient time to react to the collision in front of him so that the negligence of the second driver, Charles, which clearly caused the first collision, no longer constituted a cause-in-fact of the second collision.
LaFleur testified that the two impacts occurred "Pretty fast ... Just a few seconds." To demonstrate to the court the length of time which elapsed between the two impacts to his car, LaFleur hit the palms of his hands in rapid succession.
Comeaux testified that the pickup truck hit them and then it struck the LaFleur car again after being hit by the third vehicle. He said the amount of time which passed between the two impacts could not have been more than "thirty seconds" or "a minute at the most." However, the trial judge asked Mr. Comeaux to tell him when he thought thirty seconds had elapsed from the moment the judge tapped his pen on his desk. When Comeaux indicated he thought thirty seconds had elapsed, the trial judge stated that only fifteen seconds had passed. Thus, it seems the trial judge did not place much significance on Mr. Comeaux's ability to estimate time accurately.
Howard testified that he saw the pickup truck's brake lights go on and make "a sudden stop" ahead, so he applied his own brakes. However, as the road was wet, Howard was unable to stop and slid into Charles' pickup truck. He agreed that all of this occurred "in an instant."
We believe, as the trial judge apparently did, that only a few seconds elapsed from the first collision between the LaFleur and Charles vehicles and the second collision between the Charles and Howard vehicles. And we agree with him that Charles' negligence in not keeping a proper lookout, which caused him to hit the LaFleur vehicle and come to a sudden and unexpected stop, was a cause-in-fact of the second collision. Therefore, Mr. Charles is not entitled to a recovery from Howard and Dairyland because of contributory negligence, even if Howard was also negligent. We are not called upon to decide the latter.
*806 The appellant's second specification is that the trial judge erred in not fixing the expert witness fee for plaintiff's orthopedic surgeon in the amount of $225.00 which is the amount the doctor charged appellant for his appearance in court.
R.S. 13:3666 provides that the fee of an expert witness is "to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required." The statute vests in the trial judge discretion in fixing such fees and his judgment in this respect will not be disturbed on appeal unless there has been an abuse of that discretion. William T. Burton Industries, Inc. v. Busby, 348 So.2d 1328 (La.App. 3 Cir.1977). Further, the agreement between an expert and the party for whom he testifies is not the sole criterion to fix the amount to be taxed as court costs for his services. State, Department of Highways v. Kornman, 336 So.2d 220 (La. App. 1 Cir.1976). While there does exist a large disparity between the doctor's charge and the fee set for him by the court, we are not prepared to say that there has been an abuse of the trial judge's discretion in this instance.
For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.