406 So.2d 767 (1981)
Melvina BRYANT
v.
NEW ORLEANS PUBLIC SERVICE INCORPORATED and ABC Insurance Company.
No. 12099.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1981.
Writ Granted January 8, 1982.
Bruno, Bruno & Blouin, Frank S. Bruno, New Orleans, for plaintiff-appellant.
C. B. Ogden, II, New Orleans, for defendant-appellee.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
This case presents a res nova issue: whether the "collateral source" rule applies in workmen's compensation cases. As stated by the Third Circuit, Judge Tate as *768 organ of the court, in Hall v. State Dept. of Hwys., 213 So.2d 169 (La.App. 3rd Cir. 1968), writ refused, 252 La. 959, 215 So.2d 128, the collateral source rule provides:
"While a tortfeasor is entitled to credit for payments made through insurance procured by the tortfeasor himself, Gunter v. Lord, 242 La. 943, 140 So.2d 11 (1962), the plaintiff's tort recovery is not diminished because of payments made through insurance of other collateral sources independent of the wrongdoer's procuration or contribution, Gunter v. Lord at 140 So.2d 16; American Indemnity Co. v. New York Fire & Marine Underwriters Inc., 196 So.2d 592 (La.App. 1 Cir. 1967); Roux v. Brickett, 149 So.2d 456 (La.App. 3rd Cir. 1963)." (at 1975).
See also: Corley v. West, 346 So.2d 1272, 1273 (La.App. 3rd Cir., 1977).
The collateral source rule has been held to apply not only where plaintiff directly purchased insurance against which the plaintiff recovered, but also where there have been Medicare paymentsWomack v. Traveler's Insurance Co., 258 So.2d 562 (La. App. 1st Cir., 1972); sick leave and annual leave paymentsDunlap v. Armendariz, 265 So.2d 352 (La.App. 4th Cir., 1972); retirement pension paymentsAdam v. Schultz, 250 So.2d 811 (La.App. 4th Cir., 1971); free medical services rendered as a professional courtesySpizer v. Dixie Brewing Co., 210 So.2d 528 (La.App. 4th Cir., 1968); Federal Social Security Benefits Doerle v. State, 147 So.2d 776 (La. App. 3rd Cir., 1962); free medical care rendered by the Veteran's Administration Fullilove v. U. S. Casualty Co. of N. Y., 129 So.2d 816 (La.App. 2nd Cir., 1961); insurance paid for by the employer for the employee as a result of a collective bargaining agreement in an F.E.L.A. caseHall v. Minnesota Transfer Ry. Co., 322 F.Supp. 92 (D.Minn., 1971); and suits brought under the Jones Act and Longshoremen's and Harbor Worker's Compensation ActTipton v. Socony Mobil Oil Co., 375 U.S. 34, 85 S.Ct. 1, 11 L.Ed.2d 4 (1963). In Bourque v. Diamond M. Drilling Co., 623 F.2d 351 (5th Cir., 1980) the court held that an employer tortfeasor could not violate the collateral source rule by applying as a set-off workmen's compensation benefits received by the former employee from another employer. Thus, the collateral source rule has wide and varied application.
There are several reasons for the existence of the collateral source rule. The reason most often stated is that the defendant should not recover from outside benefits provided to the plaintiff or procured by the plaintiff. For years the Louisiana courts struggled with the so-called "windfall" or "double-dip" aspect of the collateral source rule only to discover that no "windfall" or "double-dip" in fact occurred. No "windfall" or "double-dip" occurred because the injured party's patrimony was diminished to the extent that he was forced to recover against outside sources and the diminution of patrimony was additional damage suffered by him.
For example, if the payment received by plaintiff was from annual leave or sick leave time, then those resources which would have been available to him but for the accident or injury, are no longer available and he has suffered the loss of annual or sick leave time for which he should be recompensed. This same logic applies to pension payments, government benefits, and gratuitous services.
In the case of insurance purchased by the plaintiff or by deductions made from the plaintiff's paycheck, the plaintiff has paid premiums which are a diminution of his patrimony as that cash would have otherwise been available to him. By going against his own insurance policy, he is diminishing the benefits of that policy which would otherwise be available, he has suffered a diminution of the patrimony by premium payments and his rates will rise providing a third area of loss.
Where insurance is provided by the employer, then that fringe benefit is in the nature of deferred compensation. The deferred compensation would have been available to him as cash per paycheck, but for the existence of the deferred compensation plan. Likewise, the benefits of the deferred *769 compensation would have been available but for the injury.
Lastly, if the collateral source rule were not applied, then there would be no reason for an individual to purchase insurance. For example, if in a wrongful death case the tortfeasor was allowed a set-off for proceeds from the deceased's life insurance policy, then the deceased's estate suffered the loss not only of the amounts paid as premiums but also for the use of the money over the years, so that the deceased's estate could, theoretically, bring an action against the defendant to recover back the set-off amount.
In the instant appeal, defendant-appellee argues that it should be allowed a set-off for medical bills paid by the plaintiff's husband's group insurance policy provided by his employer, because to do otherwise would allow plaintiff a "windfall." As discussed above, this contention is erroneous because of the diminution of the spouse's deferred compensation resulting in the diminution of the community patrimony. If an individual insures himself for the loss he suffers over and above the stringent amounts allowed under the workmen's compensation law, then the workmen's compensation insurer and employer should not reap the benefits of that additional insurance.
Defendant-appellee further argues that the collateral source rule applies only to tort and not to workmen's compensation specifically because of the exclusivity provision of the workmen's compensation statute.
R.S. 23-1032 reads as follows:
"The rights and remedies herein granted to an employee on account of an injury..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ...."
That statute does not provide that the rights and remedies of the employee shall be exclusive of all other rights and remedies against people other than those listed in the statute, including plaintiff's own insurer. Accordingly, the exclusivity of workmen's compensation does not expressly exclude application of the collateral source rule. The workmen's compensation statute should be liberally construed in favor of the worker. Pierce v. Kaiser Aluminum Chemical Co., 311 So.2d 509 (La.App. 4th Cir., 1975).
Under the facts of this case, the trial judge found that plaintiff was in necessitous circumstances and under an unusual hardship, such that she was entitled to medical, surgical or hospital services in excess of $12,500.00 under R.S. 23:1203. This factual determination is not on appeal. Plaintiff only appealed the collateral source rule and defendant-appellee failed to cross-appeal.
We find that the trial judge erred in failing to apply the collateral source rule by allowing to defendant a set-off for payments made under the plaintiff's husband's insurance.
For the reasons discussed, the judgment of the trial court is reversed in part and affirmed in part as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff, Melvina Bryant, be and hereby is awarded an additional Twelve Thousand Dollars ($12,000.00) in medical benefits under R.S. 23:1203.
REVERSED IN PART; AFFIRMED IN PART.
BARRY, J., concurs.
BARRY, Judge, concurring.
I concur in the result that the collateral source rule applies in workmen's compensation cases because it is unlawful for any employer to collect from any employee, directly or indirectly any amount whatsoever for the purpose of contributing to compensation insurance or to reimburse such employer. The provisions of LSA-R.S. 23:1163 should be applied.