414 So.2d 322 (1982)
Melvina BRYANT
v.
NEW ORLEANS PUBLIC SERVICE, INC. and ABC Insurance Company.
No. 81-C-3166.
Supreme Court of Louisiana.
May 17, 1982.
*323 C. B. Ogden, II, New Orleans, for defendant-applicant.
Frank S. Bruno, of Bruno & Bruno, New Orleans, for plaintiff-respondent.
DENNIS, Justice.
Plaintiff, Melvina Bryant, sustained a work-related injury on May 26, 1975. At this time the worker's compensation statute limited an employee to $12,500 in medical benefits unless she could show she would sustain undue and unusual hardship if additional benefits were not furnished by the employer. By doing so an employee could collect up to $12,500 for additional necessary medical care. La.R.S. 23:1203 (1950), as amended by 1968 Acts, No. 103, § 1. Mrs. Bryant received her first $12,500 for medical services necessitated by her work related injury and brought suit to recover for $12,000 additional medical expenses she had incurred. The employer admitted that her injury necessitated all of the medical care alleged but resisted further payment on the ground that she failed to prove that she would be subjected to undue and unusual hardship without the employer's assistance.
After hearing testimony the trial court found that the plaintiff had proved that Mrs. Bryant was subject to a hardship because of medical expenses, ordered the employer to provide $12,000 additional medical care, but held that her employer was entitled to an offset for any medical expenses covered by her husband's group health insurance. The court of appeal reversed holding that the collateral source rule prohibits such an offset against an employer's duty to furnish medical care under the worker's compensation statute. Bryant v. New Orleans Public Service, Inc. and ABC Insurance Co., 406 So.2d 767 (La.App. 4th Cir. 1981).
We affirm the court of appeal judgment on the ground that the worker's compensation statute, La.R.S. 23:1163, prohibits an employer from requiring an employee to contribute, directly or indirectly, in any way toward the cost of worker's compensation.[1] This is the basis of Judge Barry's concurring opinion in this case in the court of appeal. 406 So.2d at 769. See also, Patterson v. City of Baton Rouge, 309 So.2d 306, 314 (La.1975) (Dixon, J., dissenting). The trial court judgment authorized the employer to offset against medical care due the employee under the worker's compensation statute any insurance benefits related to the same medical expenses provided by a group health insurance plan which covered her in consideration for either her husband's payment of premiums or as his earned employee fringe benefit. To enforce such an offset would permit the employer to collect indirectly from the employee contributions toward the medical care the employer is obliged to furnish under the worker's compensation act. La.R.S. 23:1163 prohibits all employers, whether insured or self-insured, from receiving any indirect payment by an employee toward the cost of worker's compensation benefits. Patterson v. City of Baton Rouge, 309 So.2d 306 (La. 1975).
*324 In Patterson v. City of Baton Rouge, this court recognized the foregoing rule but carved out a narrow exception. A majority of the court held that it was not an indirect employee contribution to worker's compensation for an employer to offset retirement disability benefits which would otherwise have been due to a disabled fireman with worker's compensation previously paid to him. The majority reasoned that the employer did not cause its fireman to contribute to the employer or the funding of the employer's self-insured worker's compensation program because the employee had received full payment of each of the 500 weekly worker's compensation payments due him, and "[t]he reduction of his monthly [retirement] disability benefits [by the amount of compensation paid] is a separate and distinct matter, which is dictated by the provisions of the Retirement System ordinance." Id. 309 So.2d at 309. See also, Butler v. Bd. of Trustees, 333 So.2d 676 (La.App.2d Cir. 1976). Cf. Basco v. State thru Dept. Corrections, 335 So.2d 457 (La. App. 1st Cir. 1976) (sick pay offset by compensation paid).
In the Patterson case, and the court of appeal decisions cited above, the court allowed employers to enforce regulations which required non-worker's compensation benefits, such as retirement and sick pay, to be offset by worker's compensation benefits actually and fully paid to the employee. Three members of the Patterson court thought that even this constituted a prohibited indirect payment by an employee toward worker's compensation benefits, 309 So.2d at 314 (Summers, Barham and Dixon, JJ., dissenting.) In the present case, the narrow holding of Patterson is inapposite. The trial court's judgment here would permit a direct reduction of compensation benefits and not a mere use of fully paid compensation as an offset against some other type of employee benefit. Such a reduction or offset constitutes an indirect employee contribution to the cost of worker's compensation and is prohibited by La.R.S. 23:1163.
We conclude, for the foregoing reasons, that this case is fully governed by the worker's compensation statute, La.R.S. 23:1163. The question of whether the collateral source rule applies in this case is therefore irrelevant. For this reason we set the question to one side without deciding it and affirm the result reached by the court of appeal judgment solely for the reasons expressed in this opinion.
The court of appeal judgment is affirmed solely for the reasons expressed in this opinion.
AFFIRMED.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents for reasons assigned by LEMMON, J.
LEMMON, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
At the time of the injury being sued upon, La.R.S. 23:1203 provided in pertinent part as follows:
The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars ($12,500.00), except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer.
. . . .
Upon a showing by the injured employee in a court of competent jurisdiction by a preponderance of the evidence that as a result of the injury he necessarily requires medical, surgical or hospital services or medicine to a sum in excess of twelve thousand five hundred dollars ($12,500.00) and that unless same are furnished by the employer he will be subjected to undue and unusual hardship, the court in its discretion may order the employer to furnish same, not to exceed the additional sum of twelve thousand five hundred dollars ($12,500.00).
*325 I agree with the trial judge that plaintiff is not subject to undue and unusual hardship to the extent that her medical expenses in excess of $12,500 are paid by her husband's group health insurance. To the contrary, she would be permitted to make a double recovery. Accordingly, I consider the ruling of the trial judge is clearly correct under the above statute. Moreover, I do not consider that either La.R.S. 23:1163 or the collateral source rule is applicable here. Accordingly, I respectfully dissent.
LEMMON, Justice, dissenting.
The requirement that an injured employee prove "undue and unusual hardship", in order to obtain reimbursement of medical expenses in excess of $12,500, has been eliminated by the 1975 amendments to the Act, which deleted the maximum limit. The vague and undefined standard had proved somewhat difficult to administer. W. Malone and H. Johnson, 13 Louisiana Civil Law TreatiseWorkers' Compensation § 287 (1980). Nevertheless, the standard had to mean something. The present case, in which almost all of plaintiff's medical expenses were paid by her husband's group hospitalization insurer, is clearly one case in which the payment of excess medical expenses did not create an undue and unusual hardship, however the term is defined.
Moreover, defendant did not collect or receive any amount, directly or indirectly, from its employee for the purpose of paying its compensation insurance premiums, or for the purpose of funding its self-insured compensation program, in violation of R.S. 23:1163. The employer simply never became liable for medical expenses in excess of the statutory limits, because of plaintiff's failure to prove the statutory requirements.
NOTES
[1] La.R.S. 23:1163 provides:

It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employers own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this State to engage in the liability insurance business.
Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.