DENNIS, Justice,
joined by CALOGERO, Justice, dissenting from the denial of certio-rari.
We have recently been very strict in our application of the workers’ compensation statutes, specifically R.S. 23:1163, to prohibit an employer from requiring an employee to contribute, directly or indirectly, in any way toward the cost of workers’ compensation. See Bryant v. NOPSI, 414 So.2d 322 (La.1982). If the present case is allowed to stand, an employee is forced to finance litigation for his employer’s benefit and there will be an ultimate reduction of the employer’s workers’ compensation cost at the employee’s expense. The employer’s cost will be reduced by the amount he recovers and the employee’s recovery will be reduced by the amount of legal services his attorney *1247 expends in collecting a common fund. This result creates an exception to the rule that owners of a common fund are entitled to reimbursement for legal services which benefit common owners.
The appellate panel’s reliance on Bloomer v. Liberty Mutual Insurance Co., 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980), is inapposite. Bloomer dealt with the Longshoremen’s and Harbor Workers’ Compensation Act, a law which does not contain a prohibition against the employer requiring contribution from the employee toward the compensation scheme. As mentioned above, our law is clear that the employer may not require a direct or indirect contribution from the employee toward the costs of the worker’s compensation coverage or benefits.
Economically, it is in the best interests of both the employer and the employee to require the employer to contribute to the cost of the recovery. Placing a fair share of this financial responsibility squarely upon the employer enhances the employee’s potential recovery and thereby provides more incentive toward vigorous pursuit of the tortfeasor, the person who under our system should bear the ultimate loss. Decisions like that of the court of appeal in the present case hamper effective pursuit of the wrongdoer.
We recognize the issue is somewhat clouded in this case because the compensation carrier is also the liability insurer of the employer’s executive officers. However, in a future case in which it is clear that the employer or his insurer received such a benefit without paying its fair share of the reasonable cost of the legal services necessary to recovery of the common fund, the different context should persuade this court to consider the question for a written opinion.