DOUCET, Judge.
Plaintiff filed suit for damages incurred as the result of injuries allegedly sustained in a two-car collision. Made defendants therein were Mr. and Mrs. Alvin Marks, Sr., Alvin Marks, Jr., the driver of the second vehicle, and the Marks’ insurer, State Farm Mutual Automobile Insurance Company. Before trial, the liability of State Farm was stipulated and suit against the Marks was dismissed, with prejudice. From a judgment in her favor, plaintiff appeals seeking an increase in general and special damages.
The accident occurred on September 18, 1982 in Breaux Bridge. Plaintiff was driving down Main Street and, as she began to make a left turn, a vehicle driven by Alvin Marks, Jr. ran into her automobile. Plaintiff was taken to a local hospital immediately following the accident where Dr. Ernest Yongue examined and treated her. Plaintiff complained chiefly of pain in the left side of her head. X-rays were taken of plaintiff’s chest and skull, but no fractures were detected. Based upon plaintiff’s history that she was unconscious after the accident, Dr. Yongue determined that plaintiff had suffered a concussion. Dr. Yon-gue also found a large hematoma with a laceration on the left side of plaintiff’s scalp. The hematoma was drained of blood and sutured.
Plaintiff was released from the hospital on September 21,1982, three days after the accident. On September 29, 1982, Dr. Yon-gue saw the plaintiff again at which time he states she complained only of pain in her right wrist. Plaintiff was released from Dr. Yongue’s care that same day.
Plaintiff testified that in January 1983, she went to see Dr. Stephen Goldware because she was suffering from severe headaches. She stated that the headaches began immediately following the accident and that she continued to suffer from them at the time of trial. Dr. Goldware, who did not testify, apparently referred plaintiff to Dr. Steven Snatic, a specialist in the field of headaches. Dr. Snatic first examined plaintiff in June 1983, and began treating her with medication. Dr. Snatic stated that plaintiff’s history reflected that the headaches did not begin until January 1983. Dr. Yongue stated that plaintiff did not complain to him of headaches following the accident other than some pain in the area of the laceration and hematoma. Dr. Snatic stated that there were various possible causes of plaintiff's headaches but could not state “with a great deal of confidence” what the actual cause was. He further stated that the headaches were of a “mi-grainous character primarily”. He then stated that he could not link her headaches to the September 1982 accident because the headaches did not begin until three or four months after the accident.
In June 1984, plaintiff returned to see Dr. Yongue. Dr. Ernest Yongue’s daughter, Dr. Marelle Yongue, examined plaintiff and discovered a fractured, or separated, cartilage in her rib cage. Dr. Ernest Yon-gue stated that he performed a thorough physical examination of plaintiff’s chest area immediately following the 1982 accident and did not discover any such injury. He further stated that it was more probable than not he would have discovered the fractured cartilage at that time if it had been present. He was unable to relate the *655 fractured cartilage to the 1982 accident. Dr. Snatic stated that during his treatment of plaintiff, she complained of pain in her rib cage. This would have been approximately nine to twelve months after the accident.
The trial court found that plaintiffs fractured cartilage and headaches did not result from the accident. The court awarded plaintiff $210.00 for the expenses of Dr. Ernest Yongue’s treatment in September 1982; $6,000.00 for pain and suffering; $200.00 each for the depositions of Dr. Ernest Yongue and Dr. Steven Snatic; and $250.00 for lost earnings. The record contains no evidence of any hospital expenses and no award was made as compensation for any such expense. On appeal, plaintiff contends the trial court’s failure to award her a larger sum was clearly erroneous.
Before we may disturb an award of general damages made by a trial court, the record must clearly reveal that the court abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The evidence provides ample support for the factual findings reached by the trial court upon which it based its award of general damages. Accordingly, we find no abuse of discretion in the court’s award of $6,000.00 for plaintiff’s pain and suffering which resulted from the accident.
Plaintiff also contends the trial court erred in not awarding her damages for care provided to her and her two children following the accident by her mother, brother, and former mother-in-law. Plaintiff testified that her brother and former mother-in-law each took care of one child while plaintiff was hospitalized. Plaintiff also testified that she recuperated at her mother’s home for a “couple of weeks”. However, no evidence was presented which would have enabled the trial court to determine with any degree of detail and specificity an amount which might properly be awarded plaintiff for these claims. “A court may not award speculative damages which have not been established with some degree of detail and specificity.” Smith v. First National Bank of DeRidder, 478 So.2d 185 (La.App. 3rd Cir.1985); Smith v. White, 411 So.2d 731 (La.App. 3rd Cir. 1982), writ denied, 413 So.2d 508 (La.1982). Considering the law and evidence, we find no error in the court’s failure to award plaintiff any damages for these alleged expenses.
Plaintiff contends the trial court erred by only awarding her $250.00 for loss of earnings. The record contains no evidence upon which the trial court could have based an award of more than $250.00 for any past, present, or future loss of earnings.
Plaintiff lastly contends that the trial court erred by awarding her only $200.00 each as expert witness fees for the depositions of Drs. Yongue and Snatic. In their depositions, Drs. Yongue and Snatic stated that they charged $250.00 and $300.00, respectively, for giving a deposition. LSA-R.S. 13:3666 gives a trial court the power to award expert witness fees "... with reference to the value of time employed and the degree of learning or skill required”. Such an award is a matter within the discretion of the trial court and may not be disturbed on appeal unless the record shows an abuse of that discretion. Comeaux v. Dairyland Ins. Co., 399 So.2d 802 (La.App. 3rd Cir.1981); Baghramain v. MFA Mutual Ins. Co., 315 So.2d 849 (La. App. 3rd Cir.1975), writ denied, 320 So.2d 207 (La.1975). Although there is a disparity between the doctors’ charges and the awards by the court, we are not prepared to say that there has been an abuse of the trial court’s discretion. See: Comeaux.
DECREE
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.