566 So.2d 195 (1990)
Annece AARON, et al., Plaintiffs-Appellants,
v.
William J. BOLDS, et al., Defendants-Appellees.
No. 21651-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Gahagan & Gahagan, Natchitoches, for plaintiffs-appellants.
J. Bachman Lee, Monroe, for defendants-appellees.
Before HALL, MARVIN and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this personal injury suit arising from an automobile mishap, the trial court granted $250 in damages. Asserting that award to be inadequate, plaintiff has appealed. We affirm the judgment of the lower court.

FACTS
On February 7, 1989, Dana White (plaintiff), then age 14, was a passenger in a car being driven by Ms. Jessie Davenport, a neighbor. At some point, that vehicle stopped behind a pickup driven by William J. Bolds (defendant), which was in turn to the rear of a Ford automobile. When the Ford began backing up, defendant placed his truck in reverse and, moving backward, bumped into the front of the Davenport auto. Plaintiff, who had leaned over to place a diaper in a bag, supposedly was thrown off balance by the impact, causing her head to strike the seat. Claiming injury, she consulted a chiropractor the following day and underwent treatment until March 28, 1989, at a total cost of $2,370.
Plaintiff's mother, Annece Aaron, in her capacity as the administratrix of her illegitimate daughter's estate, commenced suit on July 11, 1989 against defendant and his liability insurer, State Farm Mutual Automobile Insurance Company. Following trial on September 21, the district court awarded plaintiff the previously mentioned amount "for the trauma she may have suffered." This appeal ensued after a judgment was signed on September 25.

DISCUSSION
In the assessment of damages in cases of offenses, quasi-offenses, and quasi-contracts, much discretion must be left to the judge or jury. LSA-C.C. Art. 2324.1. Before an appellate court may disturb such an award the record must clearly reveal that the trial court abused its discretion in making the award, based on the particular injuries and their effect upon the particular individual who sustained the injuries. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979); Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537 (La.App. 2d Cir.1987). In determining whether the trier of fact abused its discretion in making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Higginbotham, supra; Lindsay v. Toys, 499 So.2d 462 (La.App. 2d Cir.1986); *196 Cutchall v. Great American Pump Co., 460 So.2d 1106 (La.App. 2d Cir.1984). Of course, upon finding that the trial court has abused its wide discretion, a reviewing court may raise an insufficient award of general damages to the lowest amount that could be appropriately awarded. Ard v. Samedan Oil Corp., 483 So.2d 925 (La. 1986); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Garrison v. State, Through Department of Highways, 401 So.2d 528 (La.App. 2d Cir.1981).
It is well settled that the burden of proving both the existence of injuries and the causal connection between them and the accident rests with the plaintiff. Such proof must be shown to a legal certainty and by a reasonable preponderance of the evidence. A mere possibility is insufficient. Boudreaux v. Terrebonne Parish Police Jury, 477 So.2d 1235 (La.App. 1st Cir.1985), writ denied, 481 So.2d 133 (La. 1986), reconsideration not considered, 483 So.2d 1016 (La.1986). Causation is a fact question on which the trial judge's finding cannot be disturbed absent manifest error. Norris v. Pool Well Service, Inc., 460 So.2d 1117 (La.App. 2d Cir.1984); Downey v. Clark, 426 So.2d 331 (La.App. 2d Cir. 1983).
As previously mentioned, plaintiff consulted a chiropractor, Dr. Robert Fenoli, the day after the accident. At trial he recounted plaintiff describing the accident and reporting neck pain, stiffness, headaches, dizziness, nervousness, and mild transient low back pain. In addition, an examination disclosed various complaints, most of which were largely subjective. However, X-rays exposed mild loss of the cervical curve as well as some foraminal encroachment on both sides at the fifth and sixth bone in the neck with some mild separation of those facets. Also, an evaluation on a FET 5,000 muscle testing machine disclosed a nominal problem with the anterior deltoid. Dr. Fenoli ultimately diagnosed plaintiff's condition as "a mild cervical strain with mild ligament disinvolvement, myealgia (sic), cervical cranial syndrome which simply means that she was having headaches...."
For approximately a month and a half, plaintiff received treatment consisting of ultrasound, muscle stem, diathermy, and manual soft tissue massage and adjustments. By March 28, 1989, Dr. Fenoli opined that plaintiff "had reached a pre-clinical state which simply means that it was as good as it could ever be." He did not see her subsequently.
After considering that medical evidence, the lower court found plaintiff's physical infirmities to lack a causal relationship to the accident. In particular, the judge stated:
"I can accept that there might have been a minimal impact and I can accept that there may have been some minimal trauma that just resulted from the fact of being involved in an accident, but I don't accept the relationship between the extent of her injuries, and the evidence that is presented."
Our review of the record points to no manifest error in the district court's conclusion.
Plaintiff testified that the impact caused her head to strike the seat, precipitating the mild neck and back pain she reported to the investigating police officer. Even at the time of trial, she said that excessive activity sometimes triggered a recurrence of the problem. Under cross-examination, plaintiff recalled the Davenport auto being "bumped pretty hard," although she later acknowledged no damage occurred to either vehicle. While expressing certainty that the car had been pushed backward by the impact, plaintiff was unaware of the distance.
The investigating officer spoke with both motorists and plaintiff at the station following the episode. His inspection of both vehicles disclosed no damage whatsoever, and he concurred in the characterization of the mishap as a "little ole bumping accident."
According to Ms. Davenport, plaintiff grabbed her neck and complained of discomfort immediately following the incident. On the other hand, Ms. Davenport was not moved within the car as a result of the impact, and remained completely unharmed. Significantly, moments after the *197 accident plaintiff admonished her to "act like you are hurt." Also, interestingly, on the day after the accident she was invited by plaintiff to attend a dinner given by Dr. Fenoli for his patients.
Ms. Davenport stated that defendant's truck backed up only approximately one and a half feet prior to making contact with her stationary car, and she likewise was unaware of any damage to either vehicle. She did not believe the impact, which she said "wasn't that hard," moved her car at all. In fact, her two-year-old grandson, seated next to her, sustained no injury despite being unrestrained.
Finally, Dr. Fenoli's testimony was equivocal in relating plaintiff's chiropractic irregularities to the accident. Under cross-examination, he was unable to state what amount of force would be necessary to cause the disorders discovered by his tests and X-rays. In answer to a question concerning whether an accident of the variety involved in this case could be the catalyst for plaintiff's problems, Dr. Fenoli stated, "Well, I can't really say whether it would or wouldn't."
Thus, based on the evidence presented, the trial court's failure to causally connect the injuries and the mishap is not clearly wrong. The accident obviously was extremely minor inasmuch as defendant's truck traveled backward only one and one-half feet before impact, both vehicles were completely undamaged, and the minimal force involved failed even to move the Davenport car or injure other individuals inside. Furthermore, the medical testimony is inconclusive, and plaintiff's veracity is suspect in light of her statement as reported by Ms. Davenport. While the degree of injuries in vehicle accident cases may not be measured "in direct proportion to the force of a collision," Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166, 167 (La.App. 2d Cir.1966), neither, logically, should a court decline to consider and evaluate all of the evidence.
Finding no error in the failure to award greater damages for plaintiff's alleged chiropractic problems, we similarly deem appropriate, under the facts of this case, the $250 awarded by the trial court for the "minimal trauma that just resulted from the fact of being involved in an accident." See, for example, Despot v. Stromatt, 488 So.2d 1104 (La.App. 2d Cir.1986), wherein a $250 award was approved for a motorist whose head struck the windshield hard enough to crack the glass and dislodge her hearing aid.

CONCLUSION
For the foregoing reasons, the judgment appealed is affirmed. All costs are to be borne by appellant.
AFFIRMED.