604 So.2d 1388 (1992)
John D. BRIMER, Plaintiff-Appellant,
v.
Johnny L. COPELAND, Ryder Truck Rental Co., Inc., Goody Products, and Old Republic Insurance Company, Defendants-Appellees.
No. 23959-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*1389 Norman R. Gordon & Associates by Stephen T. Collins, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for defendants-appellees.
Before MARVIN, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
In an action for damages arising from an automobile accident, plaintiff, John D. Brimer, appeals a judgment in his favor and seeks certain increases in the award. Finding no abuse of discretion, we affirm.

FACTS
At about 3:45 p.m., on October 24, 1989, while traveling in the middle eastbound lane of Interstate 20 in Bossier City, plaintiff's Chevrolet Citation sustained a collision from a tractor-trailer unit driven in the same direction by Johnny L. Copeland. The mishap transpired when Copeland, attempting to move rightward into the center lane, allowed his "18-wheeler" to strike the smaller vehicle, operated by Brimer, near the middle of the driver's door.
Though refusing ambulance assistance at the scene of the accident, plaintiff reported to the emergency room of a local hospital later that same night. Finding no physician available, however, he left the facility after concluding that the pain in his legs would soon subside. Ten days later, on November 3, he sought treatment from Dr. G.G. Daniel, who prescribed pain medication after diagnosing complaints of leg discomfort as muscle strain. Dr. Daniel expected his patient to fully recover within four to six weeks, and never saw Brimer again.
The next month, on December 12, at the recommendation of his attorney, plaintiff visited Dr. Michael O. Fleming, another family practitioner. Noting complaints of severe pain in the lower extremities and decreased motion of the lower spine, this physician concluded that a lumbar strain secondary to the accident had already entered the recuperative stage. After prescribing pain medication and reduced activity, Dr. Fleming saw the patient once a month until his release on April 17, 1990, when all injuries had completely resolved.
In a suit filed on April 6, 1990, plaintiff named several defendants: Copeland; the driver's employer, Goody Products; its insurer, Old Republic Insurance Company; and the owner of the tractor, Ryder Truck Rental Company.[1] Following trial, the district judge found defendants liable for the harm caused by Copeland's improper lane change. The judgment granted special damages of $1,506.97, including medical expenses and losses of wages and property. The court also awarded general damages of $1,000, together with $35 for the cost of Dr. Daniel's report and $50 for that of Dr. Fleming.

DISCUSSION

Cost of Medical Report
In lieu of live medical testimony, the parties stipulated that Drs. Daniel and Fleming would testify in accordance with their reports, which plaintiff submitted into evidence. As appellant's first assignment, he asserts that the trial court erred in awarding $50 rather than $150 as costs for Dr. Fleming's medical report.
LSA-R.S. 13:3666, governing the taxing of court costs for medical reports and expert witness fees, provides:
B. The court shall determine the amount of fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the *1390 amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.
Jurisprudence predating 1980 awarded expert witness fees upon medical reports being submitted in lieu of testimony. See Corley v. West, 346 So.2d 1272 (La.App. 3d Cir.1977), writ denied, 350 So.2d 673 (La. 1977), and cases therein cited. By Act 618 of 1980, the legislature amended LSA-R.S. 13:3666 to add Subsection C, as set forth above, to provide that the reasonable expense of such reports be determined by the court and taxed as cost. See Williams v. Aetna Ins. Co., 402 So.2d 192 (La.App. 1st Cir.1981).
Under the current terms of LSA-R.S. 13:3666, then, the trial judge exercises discretion in taxing reasonable sums for both expert fees and medical reports. Furthermore, consistent with that parallel approach, much of the jurisprudence concerning expert testimony costs may appropriately be applied by analogy to fix expenses for doctors' reports.
In determining reasonableness of witness fees, the amount charged by the expert is not conclusive in fixing an award. Williamson v. St. Francis Medical Center, Inc., 559 So.2d 929 (La.App. 2d Cir. 1990); State, Dept. of Highways v. Bray, 511 So.2d 1300 (La.App. 2d Cir.1987), writ denied, 515 So.2d 446 (La.1987). Likewise, the remunerative sum requested by a physician submitting a report in lieu of testimony does not necessarily determine the amount to be taxed as costs. Further, such awards may not be disturbed on appeal absent an abuse of the trial court's "much discretion." Williamson, supra; Bray, supra; Guidry v. Marks, 499 So.2d 653 (La.App. 3d Cir.1986).
The medical report at issue contains an original, three monthly updates, and a final evaluation regarding Brimer's injuries, all submitted as a single exhibit. Each of the interim entries quite briefly discusses the patient's then current symptoms, his progress, and the proposed course of treatment. In the final document, indicating plaintiff's full recovery from injury, Dr. Fleming states his fee for these recitations at $150.
A comparable, but slightly shorter, report from Dr. Daniel resulted in only a $35 charge. At trial, defendants complained of Dr. Fleming's charge as excessive. In light of the similarity of the two reports and the disparity of the two charges, we cannot say that the trial court abused its discretion in finding $150 to be unreasonable and taxing only $50 as costs for Dr. Fleming's report.

General Damages
In his other assignment of error, appellant asserts inadequacy in the trial court's $1000 award for pain and suffering.
In the assessment of damages in cases of offenses, quasi-offenses, and quasi-contracts, much discretion must be left to the judge or jury. LSA-C.C. Art. 2324.1. Before an appellate court may disturb such an award the record must clearly reveal that the trial court abused its discretion in making the award, based on the particular injuries and their effects upon the particular individual injured. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979); Aaron v. Bolds, 566 So.2d 195 (La.App. 2d Cir.1990); Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537 (La.App. 2d Cir.1987). And, in determining whether the trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Aaron, supra; Higginbotham, supra. Only upon finding that the trial court abused its wide discretion may a reviewing court raise an award of general damages to the lowest amount that could appropriately be granted. Ard v. Samedan Oil Corp., 483 So.2d 925 (La.1986); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Garrison v. State, *1391 Through Department of Highways, 401 So.2d 528 (La.App. 2d Cir.1981).
In the case at hand, after expressly rejecting certain testimony by Brimer and his fiancee, the trial court found that plaintiff's medical problems completely resolved within six months following the accident. Indeed, the medical reports reveal rapid progress. By the time of his second visit to Dr. Fleming, January 12, 1990, appellant experienced only occasional leg pain and had sustained substantial improvement. According to the report rendered the next month, discomfort in the lower extremities occurred only after heavy work. Finally, in mid-April, determining that his patient had totally recovered, the doctor released Brimer from further care.
The record thus discloses only minor injuries of brief duration. Furthermore, as pointed out in the court's oral reasons for judgment, plaintiff missed just 13 hours of work, which consisted of heavy manual labor.
Certainly, when viewed in a light most favorable to defendants, the $1,000 general damages award does not constitute an abuse of discretion. Parenthetically, for comparative awards, see Myers v. Nunsett, 511 So.2d 1287 (La.App. 2d Cir.1987), in which $1000 adequately compensated a strained neck and lower back, and also a bruised chest, of several weeks duration; Beard v. Republic Vanguard Ins. Co., 509 So.2d 561 (La.App. 3d Cir.1987), affirming a $1200 general damage award for lumbar and cervical strains lasting two or three months; and, McCray v. Abraham, 550 So.2d 244 (La.App. 4th Cir.1989), finding an award of $1,516 adequate where the plaintiff suffered contusions, a sprained arm and wrist, as well as muscle strains to the neck and back.

CONCLUSION
Accordingly, for the foregoing reasons, we affirm the district court judgment at appellant's cost.
AFFIRMED.
NOTES
[1] Plaintiff also initially named, but later dismissed, his UM insurer as a defendant.