_|jCARAWAY, J.
The plaintiffs’ car was hit when the defendant’s vehicle rolled backwards as he attempted to put his car in drive after a train cleared a railroad crossing. Although the trial court found defendant totally at fault in causing the accident, the plaintiffs appeal the favorable trial court judgment claiming that the trial court committed legal error and awarded them inadequate damages. Finding neither legal nor manifest error in the judgment, we affirm.

Facts

The defendant, Jimbo Ivory Robinson, stopped his automobile in front of the car of Barbara and Louis James waiting at a train crossing in Bossier City. Robinson testified that when he attempted to place his car in drive after the train cleared the crossing, his car rolled backwards instead, striking the plaintiffs’ Lincoln Town Car. The plaintiffs described the accident as having occurred when Robinson’s vehicle “began backing up” and hit their car.
Plaintiffs expressed no need for immediate medical attention at the time of the incident. However, they both experienced pain the next day and reported to a Bossier City hospital emergency room for medical examinations. Mrs. James complained of back and neck pain. Mr. James complained of right knee, neck and lower back pain. Each of their x-ray diagnostic tests were normal. Both plaintiffs were prescribed pain medication and instructed to return if their symptoms worsened.
| ¡¡¡Claiming that the pain medication failed to relieve their symptoms, Mr. and Mrs. James sought further treatment three weeks later from a chiropractor, Dr. Kenneth Wojcik, who saw them four times in one week. By the time of his last visit with Dr. Wojcik, Mr. James’ complaints had resolved. Mrs. James did not experience complete relief of her symptoms until a month later.
The Jameses also had their damaged car appraised. The appraisal reflected $745.15 worth of damage to the vehicle, which had over 174,000 miles.
The Jameses instituted suit against Robinson and his automobile insurer for damages from the accident. At the bench trial, plaintiffs presented their appraiser’s expert testimony that an impact damaged their car. Dr. Wojcik also testified that the June 25th collision probably caused both Mr. and Mrs. James’ soft tissue injuries. Mr. James testified that at the time of the accident, Mr. Robinson “must have thought he had his car in drive and he had it in reverse and shot back and hit me.” Mr. and Mrs. James both claimed that after the collision, they saw fluids leaking from their car. They stated that although the car’s bumper was not bent, it was slightly ajar, and an air deflector hung down underneath it. At trial, Jimbo Robinson maintained that his car merely “bumped” the plaintiffs’ vehicle.
After hearing evidence regarding the property damage and injuries, the trial court found Robinson to be completely at fault in causing the accident and awarded plaintiffs $745.15 in property damage, $1630.00 for Uthe medical expenses they incurred at Willis-Knighton only and $1,000.00 general damages. This appeal ensued.

Discussion

On appeal, the plaintiffs contend that the trial court erroneously utilized the degree of impact as the sole or determinative factor in assessing the extent of damages they suffered and failed to apply the *978 legal presumption that a medical condition producing disability results from an accident when the victim is otherwise in good health prior to the accident. Plaintiffs also argue that the trial court erred in finding that their injuries did not extend beyond their emergency room visits, thereby denying their claim for chiropractic expenses and the expert witness fee of Dr. Wojcik and in awarding inadequate general damages.
An appellate court will not set aside the trial court’s finding of fact in the absence of manifest error or unless it is plainly wrong. Lewis v. State, Through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311. Reversal is warranted only if the appellate court finds (1) a reasonable factual basis for the district court’s finding does not exist in the record, and (2) the finding is clearly wrong on the record. Mart v. Hill, 505 So.2d 1120 (La.1987). Reasonableness is the standard; reasonable determinations and inferences cannot be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The great discretion accorded the trial court is grounded in that court’s superior capacity to assess the credibility of the witnesses because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the | ¿listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The weight afforded a treating physician’s testimony is largely dependent upon the facts upon which his opinion is based. Freeman v. Rew, 557 So.2d 748 (La.App. 2d Cir.1990), writ denied, 563 So.2d 1154 (La.1990). A claimant’s lack of credibility on factual issues can serve to dimmish the veracity of her complaints to a physician. Perow v. Lenzly, 30,833 (La.App.2d Cir.8/19/98), 716 So.2d 519; Davis v. Sonnier, 96-515 (La.App. 3d Cir.11/6/96), 682 So.2d 910. Likewise, the effect and weight to be given to expert testimony rests within the broad discretion of the trier of fact. Such credibility determinations, including the evaluation and resolution of conflicts in expert testimony, are factual issues to be resolved by the trier of fact which should not be disturbed on appeal absent manifest error. Williams v. State Farm Mut. Auto. Ins. Co., 36,439 (La.App.2d Cir.10/23/02), 830 So.2d 379.
In evaluating the evidence, the trier of fact should accept as true the uncon-tradicted testimony of a witness, even though the witness is a party, where the record indicates no sound reason for its rejection. Robertson v. Scanio Produce and Institutional Foods, Inc., 449 So.2d 459 (La.1984); Aycock v. City of Shreveport, 535 So.2d 1006 (La.App. 2d Cir.1988), writ denied, 536 So.2d 1223 (La.1989). One sound reason for rejection is where circumstances cast suspicion or doubt on the reliability of the testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Aycock v. City of Shreveport, supra.
|fiIn a personal injury action, the plaintiff bears the burden of proving a causal relationship between the accident and any alleged injuries. Williams v. State Farm Mut. Auto. Ins. Co., supra. Whether the accident caused the plaintiffs injuries is a factual question which should not be reversed on appeal absent manifest error. Id. Consideration of force-of-impact testimony is a relevant factor in determining causation or the extent of injuries, although not as the sole or determinative factor. Currie v. Myers, 32,633 (La.App.2d Cir.1/26/00), 750 So.2d 388, writ not considered, 00-0665 (La.3/17/00), 756 So.2d 316; Harper v. Garcia, 32,142 (La.App.2d Cir.8/18/99), *979 739 So.2d 996; Brown v. Trinity Universal Ins. Co., 01-1405 (La.App. 3rd Cir.4/3/02), 814 So.2d 747, writ denied, 02-1689 (La.10/14/02), 827 So.2d 422.
The plaintiffs’ argument that the trial court misused the force-of-impact testimony masks the conflict in the parties’ versions of that testimony and the important credibility issue which the trial court faced. In its oral reasons for judgment, the trial court first emphasized that there were “broad” differences between the parties’ descriptions of the impact. Mr. James described the location of his vehicle as being a car length and a half behind Robinson’s Chevrolet sedan. He stated that Robinson’s car “shot” back and hit his Lincoln. To the contrary, Robinson testified that his car could not have been more than a foot and one-half in front of the plaintiffs’ car and that it only rolled back, causing a slight bump. The fact that neither car’s bumper was bent means that Robinson’s version of the impact is not contrary to the physical evidence. The trial court’s choice of Robinson’s | ^testimony over the plaintiffs’ could therefore leave the plaintiffs, in the eyes of the trier-of-fact, with a “broad” credibility problem.
The court’s next conclusion, that each plaintiffs “injury was not sufficient to justify really much of anything,” can rest in large measure upon that same credibility problem. The plaintiffs reported only subjective symptoms of pain to the physician who examined them the day after the accident. Their complaints of soft tissue injuries three weeks later to the chiropractor were rejected by the trial court, which refused to permit recovery of the expenses for those services. If the record gave no indication of the credibility issue noted above, and the plaintiffs’ injuries were initially manifested by more objective symptoms, only then might we conclude that the trial court was manifestly erroneous for rejecting those expenses and downplaying the plaintiffs’ general damages.[1] However, this record does not allow these credibility and fact-based conclusions to be overturned.
Finally, we reject the plaintiffs’ claim for the additional car rental expense for loss of use to repair their vehicle. The court awarded the amount of the appraised damages but not the cost of vehicle rental for three 17days during the car repair as reported by the plaintiffs. The vehicle was not incapacitated as a result of the acei- *980 dent, the damage was minimal, and the court’s choice of an award for one day’s rental for repairs is not error.

Conclusion

Finding no abuse of discretion in the trial court’s award, we affirm the judgment at appellants’ costs.
AFFIRMED.

. It should not be overlooked that the trial court did, in fact, award general damages which, if considered too low, must be shown to be an abuse of discretion under Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). In comparable minor accident cases, the trial courts have frequently awarded general damages at the level of those awarded in the present case. See Bass v. Allstate Ins. Co., 32,652 (La.App.2d Cir. 1/26/00), 750 So.2d 460 (where Bass vehicle was struck by Ford Bronco going 5-10 m.p.h. — Bass and children received $250 each where injuries resolved in one week); Caldwell v. Smith, 25,956 (La.App.2d Cir.8/17/94), 641 So.2d 1011 (where plaintiff received minor injuries, did not go to doctor, and received $500.00 general damages); George v. Allstate Ins. Co., 32,899 (La.App.2d Cir.4/5/00), 758 So.2d 373 (where mother received $550 general damages for minor neck and back injuries treated for five weeks; children had cervical strains and were treated for one week — each awarded $435); Aaron v. Bolds, 566 So.2d 195 (La.App. 2d Cir.1990) (where plaintiff, diagnosed with cervical strain and treated for six weeks, received $250); Brimer v. Copeland, 604 So.2d 1388 (La.App. 2d Cir.1992) (where plaintiff underwent treatment for six months and was awarded $1,000); Gongora v. Snay, 626 So.2d 759 (La.App. 5th Cir.1993), writ denied, 93-2912 (La.1/28/94), 630 So.2d 795 (rear-end collision where two plaintiffs suffered injuries to low backs and necks and were treated the day of the accident at the ER. Jury gave them amounts spent at ER and nothing else. Court granted JNOV and gave them $500 each in damages).